## Richmond

RUTH CUTHRELL V. ZAYRE OF VIRGINIA, INC., AND TERESA K. CUSTER.

January 14, 1974.

Record No. 8268.

Present, All the Justices.

*Albert C. Selkin* (*White & Selkin,* on brief), for plaintiff in error.

*John W. Winston* (*Seawell, McCoy, Winston & Dalton,* on brief), for defendants in error.

Per Curiam.

Counsel agreed that the issue presented on this appeal is whether a conviction of disorderly conduct barred plaintiff's right to an action for malicious prosecution based upon her acquittal of a charge of petit larceny for which she was arrested a few minutes before her arrest on the disorderly conduct charge.

Plaintiff, Ruth Cuthrell, was shopping at a Virginia Beach store owned by the defendant Zayre of Virginia, Inc. After plaintiff passed through the check-out counter, she was stopped by Teresa K. Custer, a special police officer employed by Zayre, and was told that she was under arrest for the theft of the hat she was wearing and had not purchased. Immediately a dispute arose between the plaintiff and Custer, and, as a result, Custer arrested plaintiff on the additional charge of disorderly conduct.

At plaintiff's trial on the criminal warrants in the Municipal Court of the City of Virginia Beach,[1] the larceny charge was dismissed but she was convicted of disorderly conduct. Thereafter plaintiff filed this malicious prosecution action based upon her acquittal of the larceny charge.

At the close of plaintiff's evidence, the trial court struck plaintiff's evidence and entered summary judgment for the defendants on the ground that, notwithstanding the acquittal of plaintiff on the larceny charge, her right to maintain this action was barred by her conviction of disorderly conduct.

The precise issue presented has not been decided by us, and the cases from other jurisdictions relied upon by defendants do not support their position.

It is obvious from the facts that, but for the arrest of plaintiff for petit larceny, there would have been no arrest for and conviction of disorderly conduct. The charges of petit larceny and disorderly conduct are two separate and distinct offenses, and a conviction of the one did not bar the conviction of the other. Disorderly conduct is not a lesser included offense of larceny. The conviction of disorderly conduct does not establish that the arrest for petit larceny was without malice and upon probable cause. Since the petit larceny charge was dismissed, plaintiff had a right to maintain this malicious prosecution action. The petit larceny prosecution "terminated in a manner not unfavorable to the plaintiff." *Gaut* v. *Pyles*, 212 Va. 39, 41, 181 S.E.2d 645, 647 (1971). *Cf. Wingersky* v. *E..E. Gray Co.*, 254 Mass. 198, 201, 150 N.E. 164, 165 (1926); *Warriner* v. *Burdines, Inc., et al.*, 93 So. 2d 108 (Fla. 1957).

*Reversed and remanded.*

---

1. Now the General District Court of the City of Virginia Beach.