Andrew F. JANETKA, Jr., Plaintiff,

v.

Darrell DABE, Badge No. 3384, Individually and as an Officer of the Suffolk County, New York Police Department and County of Suffolk, Defendants.

No. CV 87–3721.

United States District Court, E.D. New York.

April 28, 1989.

claims at issue and holds, accordingly, that such claims may not be presented to the jury.

## I. *Background*

Janetka's present complaint stems from his arrest after an alleged altercation with Suffolk County police officers at a local convenience store. The facts developed thus far at trial reveal that after his confrontation with the officers, Janetka was placed in custody and charged with the offenses of: (1) resisting arrest, in violation of section 205.30 of New York's Penal Law (the "Penal Law") and (2) disorderly conduct in violation of section 240.20 of the Penal Law. After a single trial held on both charges Jaketka was acquitted on the resisting arrest charge and was convicted on the disorderly conduct charge. According to Janetka, this termination of his criminal charges entitles him to go forward with his malicious prosecution claims. After outlining the elements of a cause of action based on malicious prosecution, the Court will consider whether Janetka may proceed under that theory.

## II. *Discussion*

### A. *General Principles*

At the outset, the Court notes that the elements of a Section 1983 civil rights claim based upon malicious prosecution are identical to the elements required to prove such a claim under New York State law. *Conway v. Village of Mount Kisco*, 750 F.2d 205, 214 (2d Cir.1984); *see Raysor v. Port Authority*, 768 F.2d 34, 39–40 (2d Cir.1985). Under New York law, a plaintiff seeking to recover on a malicious prosecution theory must prove the following four elements:

(1) that the defendant either commenced or continued a criminal proceeding against plaintiff;

(2) that the criminal proceeding terminated in plaintiff's favor;

(3) that there was no probable cause for the criminal proceedings; and

(4) that the criminal proceeding was instituted in actual malice.

Arthur V. Graseck, Jr., Port Washington, N.Y., for plaintiff.

E. Thomas Boyle, Suffolk County Atty. by Robert Cabble, Hauppauge, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Andrew F. Janetka, Jr. ("Plaintiff" or "Janetka") brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Suffolk and one of its police officers. Among the claims set forth in Janetka's complaint are civil rights and state law claims based upon the alleged malicious prosecution of Janetka in a prior criminal proceeding. Presently before the Court is the question of the viability of those claims. For the reasons set forth below, the Court dismisses the

*Russo v. State of New York,* 672 F.2d 1014, 1019 (2d Cir.1982); *see also Conway,* 750 F.2d at 214; *Martin v. City of Albany,* 42 N.Y.2d 13, 396 N.Y.S.2d 612, 614, 364 N.E. 2d 1304, 1306-07 (1977).

Presently at issue is the second element referred to above—whether the criminal proceeding forming the basis for Janetka's malicious prosecution claims can be said to have terminated in his favor. Although research has not revealed the existence of a factually identical situation to the one raised here, certain principles, as discussed below, can be discerned.

 It is clear, for example, that a proceeding will only be held to have been terminated favorably to the accused where there has been some type of adjudication on the merits. *Russo,* 672 F.2d at 1019. A termination is deemed to be "on the merits" where the dismissal of the charges implies a lack of reasonable grounds for the prosecution. *Loeb v. Teitelbaum,* 77 A.D.2d 92, 432 N.Y.S.2d 487, 493 (2d Dep't 1980), *relying on Halberstadt v. New York Life Ins. Co.,* 194 N.Y.1, 86 N.E. 801 (1909); *accord Russo,* 672 F.2d at 1019.

Among those terminations held *not* to constitute favorable terminations are a prosecution resulting in a hung jury, *see Singleton v. City of New York,* 632 F.2d 185, 195 (2d Cir.1980), the abandonment of a prosecution based upon an agreement or compromise reached with the accused, *see Loeb,* 432 N.Y.S.2d at 493 and a dismissal following an adjournment in contemplation of dismissal pursuant to Section 170.55 of New York's Criminal Procedure Law, *see Singleton,* 632 F.2d at 194; *Hollender v. Trump Village Co-op, Inc.,* 58 N.Y.2d 420, 461 N.Y.S.2d 765, 768, 448 N.E.2d 432, 435 (1983).

 When the grounds for the prior termination are unclear, the issue of favorable termination is a factual question for the jury. Where, as here, however, the circumstances leading to the termination of the prior proceedings are clear, the issue becomes a question of law for the Court. *See Russo,* 672 F.2d at 1020; *Loeb,* 432 N.Y.S. 2d at 491-92. Thus, the Court will turn to discuss whether or not Janetka's prior criminal proceedings were so favorably terminated as to form part of the basis for a claim of malicious prosecution.

**B.** *The Termination of the Criminal Proceeding Brought Against Janetka*

As noted above, Janetka was charged with the commission of two separate offenses—resisting arrest and disorderly conduct. Although he was acquitted of the resisting arrest charge, Janetka was convicted of the disorderly conduct charge. A brief explanation of the statutory scheme pursuant to which plaintiff was charged is in order to explain the gravity of the offenses with which plaintiff was charged.

New York law defines any conduct for which a governmental entity may impose a sentence to a term of imprisonment, or a fine, as an "offense." N.Y.Penal L. § 10.00(1). A misdemeanor is defined as an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of fifteen days but not more than one year can be imposed. N.Y.Penal L. § 10.00(4). A "violation" is defined as an offense for which the maximum term of imprisonment is fifteen days. N.Y.Penal L. § 10.00(3). The term "crime" is used to describe only misdemeanors and felonies. N.Y.Penal L. § 10.00(6). Under New York Law, resisting arrest is a misdemeanor. *See* N.Y.Penal L. § 205.30. Disorderly conduct is a violation. N.Y.Penal L. § 240.20. Thus, Janetka was convicted of an offense carrying a maximum term of imprisonment of fifteen days and acquitted of a crime, carrying a maximum term of imprisonment of one year.

 Although the results of Janetka's prosecution might be deemed "favorable" to a lay person or to a criminal defense lawyer, such "favorability" does not necessarily amount to a "favorable" determination in the context of a malicious prosecution claim. If such were the case, there is little doubt that a dismissal following an adjournment in contemplation of dismissal would be categorized as a favorable termination. As noted above, however, such

dismissals are not deemed to be "favorable" within the context of a malicious prosecution claim. Thus, it becomes clear that instead of focusing exclusively on the practical aspects of the dismissal, the Court must focus on whether the earlier termination implies a lack of reasonable ground to proceed with the prosecution. *See Loeb,* 432 N.Y.S.2d at 493. If such an implication is found, the prior dismissal will be deemed favorable for the purpose of a subsequent malicious prosecution claim.

 Applying the principles discussed above, the Court holds that Janetka's prior criminal proceeding did not result in a favorable determination. First, the Court notes that although separate offenses were charged, both arose out of events that occurred on the same occasion. The charges were closely related and arose in connection with two types of behavior that occurred either simultaneously or within minutes of each other. The offenses were necessarily tried in a single proceeding. *See* N.Y.Crim.Proc.L. § 40.40(1) (McKinney 1981) (prohibiting separate prosecution of two or more offenses that arise out of a single criminal transaction). Thus, only one jury heard all of the evidence detailing the events of the evening in question. Under these circumstances, the Court views the charges brought against Janetka as a single criminal proceeding that was not terminated favorably to the defendant.

While the Court is cognizant of the fact that Janetka was acquitted of a crime and convicted only of a violation, the Court is not persuaded, under the circumstances here, that such facts require a finding of a favorable termination for malicious prosecution purposes. While the Court can envision a case where the conviction of a lower level offense and acquittal of a higher level offense might result in a holding that the determination was "favorable," this is not such a case. Instead, the Court holds that where, as here, the offenses are so closely related to each other and to the defendant's conduct, an acquittal on the more serious offense does not necessarily require a holding that the termination of the criminal

proceeding was favorable for purposes of a subsequent malicious prosecution claim.

As a final matter, the Court notes that it holds only that Janetka has not and cannot satisfy that element of a malicious prosecution claim requiring him to show a favorable termination of the prior criminal proceeding. Since this opinion is being prepared and circulated in the midst of an ongoing trial, the Court expresses no opinion, at this juncture, as to the viability of plaintiff's remaining claims.

## CONCLUSION

Plaintiff cannot show the prior favorable termination of the criminal prosecution upon which his present claims of malicous prosecution are based. Accordingly, those claims will not be presented to the jury.

SO ORDERED.