**Mark GRAEBE, Plaintiff,**

v.

**Peter FALCETTA, et al., Defendants.**

**No. CV 88–2895.**

United States District Court, E.D. New York.

Dec. 7, 1989.

---

Arthur V. Graseck, Jr., Port Washington, N.Y., for plaintiff.

E. Thomas Boyle, Suffolk County Atty. by Charles P. Kelly, Hauppuage, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Mark Graebe ("plaintiff") brings this civil rights action, pursuant to 42 U.S.C. §§ 1983 and 1988, against the County of Suffolk and six of its police officers ("defendants"), alleging excessive force, false arrest, and malicious prosecution. Defendants move for partial summary judgment on the grounds of res judicata and collateral estoppel as to the false arrest and malicious prosecution claims. For the reasons set forth below, the motion is granted in part and denied in part.

### I. Background

Plaintiff's complaint stems from his October 26, 1985 arrest for driving while intoxicated ("DWI"), resisting arrest, attempted escape, and six traffic violations. Prior to a criminal trial, two separate proceedings took place at the state level to determine various factors involved in the case, due in part to the fact that at the time of his arrest plaintiff refused to submit to a chemical test for intoxication. First, at a Motor Vehicle hearing the Administrative Law Judge ("ALJ") found that there was reasonable cause for the DWI arrest. *See* Defendants' Notice of Motion for Partial Summary Judgment at Exhibit 2. Thereafter, a "Huntley" hearing was held in State District Court to determine, inter

alia, probable cause for the stop and subsequent arrest of plaintiff for the DWI. At that hearing, the Court ruled that there was probable cause for the stop and arrest pursuant to a DWI charge. *Id.*

After a jury trial, at which the plaintiff was convicted of only one traffic violation (speeding), this suit was brought. Defendants move for partial summary judgment on the grounds that the prior determinations of probable or reasonable cause on the DWI charge preclude the false arrest and malicious prosecution claims.

## II. Analysis

### A. *Prior Determinations of Probable Cause on the DWI Charge*

This Court must first determine what effect the prior determinations of probable cause for the DWI charge will have on plaintiff's claims. It is well established under New York law that a finding of probable cause serves as a complete defense to the charges of false arrest and malicious prosecution. *Feinberg v. Saks,* 83 A.D.2d 952, 443 N.Y.S.2d 26 (1981), modified on other grounds, 56 N.Y.2d 206, 451 N.Y.S.2d 677, 436 N.E.2d 1279 (1982); *see also Coffey v. Wheatland,* 135 A.D.2d 1125, 523 N.Y.S.2d 267, 269 (1987) (stating that a "lack of probable cause is a necessary element of plaintiff's cause of action for false arrest and imprisonment"). If this determination has been made in a prior judicial proceeding, the doctrine of collateral estoppel dictates that the issue cannot be relitigated between the same parties in any future lawsuit. *United States v. Gentile,* 816 F.2d 1157, 1162 (7th Cir.1987).

Federal courts applying the collateral estoppel doctrine are required, pursuant to 28 U.S.C. § 1738, to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). New York State courts give full preclusive power to the decisions of both state and administrative courts, provided that the administrative court employed procedures substan-

tially similar to those used in a court of law. *Allied Chemical v. Niagara Mohawk Power Corp.,* 72 N.Y.2d 271, 532 N.Y.S.2d 230, 528 N.E.2d 153 (1988), *cert. denied,* — U.S. —, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989); *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 496, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). Accordingly, since the previous judicial proceedings determined that there was probable cause, this Court must give that finding full preclusive power. However, this preclusive power can only affect plaintiff's claims as they pertain to the DWI charge. The Second Circuit has held that a finding of probable cause for one charge cannot be extended to the other charges in a case. *Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42 (2d Cir.1985). In the case at bar, as in *Zanghi,* the prior determination was only as to the DWI charge. Consequently, in the case at bar, the collateral estoppel doctrine precludes the malicious prosecution and false arrest claims only insofar as they pertain to the DWI charge. Since the viability of the other claims is not related to the collateral estoppel effect of the prior probable cause findings on the DWI charge, the Court will now address the remaining claims.

### B. *Plaintiff's Claims as to the Remaining Charges*

In order to recover on a malicious prosecution claim in New York, a plaintiff must prove the following four elements: (1) that the defendant either commenced or continued a criminal proceeding against plaintiff; (2) that the criminal proceeding terminated in plaintiff's favor; (3) that there was no probable cause for the criminal proceedings; and (4) that the criminal proceeding was instituted in actual malice. *Russo v. State of New York,* 672 F.2d 1014, 1019 (2d Cir.1982) (citations omitted); *see also Janetka v. Dabe,* 710 F.Supp. 906, 907 (E.D.N.Y.1989). Where the circumstances leading to the termination of the prior proceeding are clear, the issue of whether there was a favorable termination is a question of law for the Court. *Janetka,* 710 F.Supp. at 8 (E.D.N.Y.1989); *see also*

*Russo,* 672 F.2d at 1020. If the earlier termination "implie[d] a lack of reasonable ground to proceed with the prosecution ... the prior dismissal [or acquittal] will be deemed favorable." *Janetka,* 710 F.Supp. at 909 (citation omitted).

In *Janetka,* wherein the plaintiff was convicted of disorderly conduct (a violation) and acquitted of resisting arrest (a misdemeanor), this Court took into account a number of factors in determining whether there was a favorable termination. More specifically, the facts that: (1) the offenses were closely related to each other as well as to the defendant's conduct; (2) that they arose in connection with two types of behavior that occurred within minutes of each other; and (3) that they were necessarily tried in a single proceeding were all taken into consideration. *See Janetka,* 710 F.Supp. at 909. In the present case, the same factors are to be considered with respect to each individual charge.

■ In examining the relationship between the speeding conviction (a violation) and the resisting arrest acquittal (a misdemeanor), this Court finds that the termination of the resisting arrest charge was favorable to plaintiff. The charges arose out of two types of criminal behavior which are too distant from each other to be deemed "closely related." Furthermore, New York's Penal Law specifically excludes traffic infractions from the misdemeanor classification. N.Y. Penal Law § 10.00 (McKinney 1987). This indicates a clear legislative intent to treat traffic infractions on a separate, lesser plane. It would, therefore, be inappropriate to attach a conviction on a traffic violation to an acquittal on a misdemeanor. In *Janetka* this Court expressly anticipated such a situation by stating that it could "envision a case where the conviction of a lower level offense and acquittal of a higher level offense might result in a holding that the determination was 'favorable'." 710 F.Supp. at 909. Thus, with respect to the resisting arrest charge, the state court proceeding was a favorable termination for plaintiff.

The termination on the attempted escape charge can also be deemed favorable. No direct relationship exists between the conduct involved with the conviction for speeding and the conduct relating to the alleged attempted escape. These were two substantially separate acts with separate elements. Although, pursuant to New York Criminal Procedure Law, the offenses may be joined together in a single proceeding, this does not necessarily mean that they are sufficiently related to preclude a finding of favorable termination. N.Y.Crim. Proc. Law § 200.20(2)(d) (McKinney 1987). Rather, it is only one factor among many that the court may consider.

The separate traffic violations are closely related to the speeding conviction, and therefore this Court holds that they did not terminate favorably. The various violations, (proceeding through a red light, proceeding through a stop sign, failure to comply with a lawful order, and faulty equipment), arose in connection with one type of conduct and occurred within minutes of each other. Despite the fact that these prosecutions did not necessarily have to be tried together in a single proceeding, the common origin of the separate violations, namely, plaintiff's driving, is enough to deem their prosecution as a single criminal proceeding. There having been a conviction on one of the violations, none of the other traffic violations under these circumstances can be deemed to have terminated favorably so as to form the basis of a malicious prosecution claim. *See Janetka,* 710 F.Supp. at 908–09; *Loeb v. Teitelbaum,* 77 A.D.2d 92, 432 N.Y.S.2d 487, 493 (2d Dep't 1980), relying on *Halberstadt v. New York Life Ins. Co.,* 194 N.Y. 1, 86 N.E. 801 (1909); *accord Russo,* 672 F.2d at 1019.

## CONCLUSION

There being no genuine issue of material fact, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'r,* 834 F.2d 54 (2d Cir.1987), defendants' motion for summary judgment is granted with respect to the malicious prosecution and false arrest claims on the DWI

charge and the traffic offenses. Accordingly, plaintiff's claims for malicious prosecution and false arrest as to the attempted escape and resisting arrest charges, as well as the excessive force claim, remain.

SO ORDERED.