**Kristin J. GOREE, Plaintiff,**

v.

**Robert G. GUNNING, etc., et al., Defendants.**

**No. CV 88–1452.**

United States District Court, E.D. New York.

June 6, 1990.

Arthur V. Graseck, Jr., Port Washington, N.Y., for plaintiff.

Michael T. Clifford & Associates by William F. Farrell, Riverhead, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Kristin Goree ("Goree") brings this civil rights case against the Town of Southampton and two of its police officers alleging violations of his civil rights based on false arrest and use of excessive force. Previously before the Court was Goree's motion for leave to amend the complaint to add civil rights and state law claims based upon the alleged malicious prosecution of plaintiff in a prior criminal proceeding. By order dated June 8, 1989, his motion was denied. Goree now seeks reconsideration of that determination in light of a recent Second Circuit decision which reversed in relevant part a decision (of this Court) on which this Court relied in denying his motion for leave to amend. *See Janetka v. Dabe,* 892 F.2d 187 (2d Cir.), *aff'g in part, rev'g and remanding in part,* 710 F.Supp. 906 (E.D.N.Y.1989). For the reasons below, the motion for reconsideration is denied.

### I. *Background*

Following his arrest on February 12, 1987 by the defendant police officers, Thomas Tully ("Tully") and Robert Gunning, Goree was charged under the New York Penal Law ("Penal Law") with: (1) resisting arrest (§ 205.30); (2) disorderly conduct (§ 240.20(3)); (3) harassment (§ 240.25(2)); (4) criminal possession of a weapon in the fourth degree (§ 265.01(2)); and (5) menacing (§ 120.15). Under the Penal Law, resisting arrest and criminal possession of a weapon in the fourth degree are class A misdemeanors, menacing is a class B misdemeanor, and disorderly conduct and harassment are violations. Upon a jury trial in the Southampton Town Justice Court, Goree was convicted of the first three charges enumerated above, but acquitted of the last two—criminal possession of a weapon in the fourth degree and menacing. Based on his acquittal of these two charges, Goree argued that he could properly assert a claim for malicious prosecution of these two charges. This Court disagreed and, relying on its decision in *Janetka v. Dabe,* 710 F.Supp. 906 (E.D.N.Y.1989), held:

> Where, as here, the charges lodged against the defendant arose out of events that occurred on the same occasion and in connection with conduct that occurred either simultaneously or within minutes of each other, the Court views the charges brought as a single criminal proceeding heard and decided by a single jury. Under these circumstances, the Court cannot view that proceeding as terminating in Goree's favor.

*Goree v. Gunning,* CV 88–1452, slip op. at 3 (E.D.N.Y. June 8, 1989). The Court now turns to address whether the Second Circuit's decision in *Janetka, supra,* warrants disturbing this Court's June 8 order.

### II. *Discussion*

▮ As noted by the Second Circuit in *Janetka,* a § 1983 civil rights claim based on malicious prosecution is governed by state law in the absence of federal rules of decision for adjudicating such claims. *Janetka,* 892 F.2d at 189 (citing *Conway v. Village of Mount Kisco,* 750 F.2d 205, 214 (2d Cir.1984)). Under New York law, a plaintiff alleging malicious prosecution must establish that:

(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice.

*Russo v. New York,* 672 F.2d 1014, 1018 (2d Cir.1982) (quoting *Martin v. City of Albany,* 42 N.Y.2d 13, 396 N.Y.S.2d 612, 614, 364 N.E.2d 1304 (1977)), *modified on other grounds,* 721 F.2d 410 (2d Cir.1983) (per curiam).

In *Janetka,* the plaintiff Janetka had been charged with resisting arrest and disorderly conduct, which are, as noted above, a misdemeanor and a violation, respectively; at a trial on both charges, Janetka was acquitted of the resisting arrest charge but convicted of the disorderly conduct charge. *Janetka,* 710 F.Supp. at 907. Janetka then brought an action in this Court for, *inter alia,* malicious prosecution. In directing a verdict against Janetka on his malicious prosecution claim, this Court held that, under the circumstances, Janetka's prior criminal proceeding was not a favorable termination for purpose of a malicious prosecution claim on the disorderly conduct charge. *Id.* at 909.

However, the Second Circuit reversed that determination, and held that the acquittal on the resisting arrest charge was a "favorable" termination for malicious prosecution purposes. Citing cases from the Supreme Courts of South Carolina and Virginia, the court noted:

> [C]ourts have held that an acquittal satisfies the favorable termination requirement even when there has been a conviction on a related charge, or one arising from the same incident or event. *See Ruff v. Ekards Drugs, Inc.,* 265 S.C. 563, 220 S.E.2d 649, 650–51 (1975) (favorable termination established where malicious prosecution plaintiff previously arrested for assault and disorderly conduct "aris[ing] out of the same set of circumstances" was convicted of assault and acquitted of disorderly conduct); *Cuthrell v. Zayre of Va., Inc.,* 214 Va. 427, 201 S.E.2d 779, 780 (1974) (favorable termination established where malicious prosecution plaintiff, previously arrested for disorderly conduct after dispute over arrest for petit larceny, was convicted of disorderly conduct and acquitted of petit larceny).

*Janetka,* 892 F.2d at 190. In reaching its conclusion, the Second Circuit observed that Janetka was charged with two distinct offenses involving distinct allegations. *Id.* In this respect, the court noted that the disorderly conduct charge arose out of Janetka's actions directed at an unidentified hispanic man whereas the resisting arrest charge arose out of Janetka's actions directed at the police officers' attempts to arrest him. *Id.* The court further added that the elements of each charge are different and neither is a lesser included offense of the other. *Id.* The court then reasoned that to hold that acquittal on the resisting arrest charge was not favorable would be particularly inappropriate since the acquittal was on the more serious offense. *Id.* Concluding, the court stated:

> If the dispositive factor is whether, as the district court held, the charge resulting in acquittal "arose out of events that occurred on the same occasion" as a charge resulting in conviction, then police officers could add unsupported serious charges to legitimate minor charges with impunity.

*Id.*

Even considering Goree's acquittals on the criminal possession of a weapon and menacing charges favorable terminations for malicious prosecution purposes under the Second Circuit's reasoning in *Janetka,* it does not follow that these acquittals form the bases for maintainable claims for malicious prosecution.

As noted above, in determining that Janetka's acquittal on the disorderly conduct charge was a favorable termination, the Second Circuit cited favorably the South Carolina case, *Ruff v. Ekards Drugs, Inc.,* 265 S.C. 563, 220 S.E.2d 649 (1975). In *Ruff,* a malicious prosecution plaintiff arrested for simple assault and disorderly conduct was convicted of the former and acquitted of the latter. *Id.* 220 S.E.2d at

650. The charges arose out of plaintiff Ruff's confrontation with defendant's store manager who suspected Ruff of shoplifting; Ruff apparently assaulted the store manager, and then when the store manager followed Ruff outside the store, they exchanged "unpleasantries" and the manager attempted to make an arrest. *Id.* As the *Janetka* court noted, the *Ruff* court found that the acquittal on the disorderly conduct charge was a favorable termination for Ruff. *Id.* 220 S.E.2d at 651. However, the *Ruff* court held that Ruff could not maintain a malicious prosecution claim based on the acquittal. *Id.* Upon finding the first three requirements for a malicious prosecution claim under South Carolina law satisfied,[1] the court stated:

> The theory upon which [Ruff] relies to satisfy the other requirements is premised upon the fact disorderly conduct and simple assault are independent charges with separate elements. We are in accord with this position, however, we are unable to translate it into a maintainable suit for malicious prosecution.

*Id.* (citation omitted). In reaching this conclusion, the court reasoned:

> In the instant case the plaintiff is not an innocent victim suffering from a rash charge. He was convicted of simple assault. While it and disorderly conduct are separate charges, they are sufficiently similar to a layman that an action for malicious prosecution should not be available, where, as here, both charges arise out of the same set of circumstances.

*Id.*

In *Cuthrell v. Zayre of Virginia, Inc.*, 214 Va. 427, 201 S.E.2d 779 (1974) (per curiam), also cited by the Second Circuit in *Janetka* on the issue of favorable termination, the Virginia Supreme Court held that an acquittal on a petit larceny charge was favorable for malicious prosecution purposes notwithstanding the plaintiff was convicted of disorderly conduct. The petit larceny charge arose from plaintiff's alleged theft of a hat from defendant's store while the disorderly conduct charge arose from her dispute with a store security guard who had stopped her as she was leaving the store wearing the hat. *Id.* S.E.2d at 779. The court held that a malicious prosecution claim was maintainable because the charges were for separate and distinct offenses, apparently based on distinct allegations, and, as such, the conviction on the disorderly conduct charge did not establish that the arrest for petit larceny was upon probable cause or without malice. *Id.* 201 S.E.2d at 779–80.

■ Based on the Second Circuit's decision in *Janetka,* and the reasoning of the *Ruff* and *Cuthrell* cases, an action for malicious prosecution should not lie under the circumstances of this case. Here, all of the charges arose from Goree's actions directed at one person—Tully, and were tried by a jury as a single criminal proceeding. *See* N.Y.Crim.Proc.Law § 40.40(1) (McKinney 1981). The resisting arrest, criminal possession of a weapon and menacing charges all arose from Goree's actions directed at Tully during the course of Tully's attempts to arrest him, and the harassment and disorderly conduct charges arose from Goree's alleged use of abusive and obscene language and obscene gestures toward Tully immediately prior to the arrest. Moreover, although the criminal possession of a weapon in the fourth degree and menacing charges are separate offenses with elements different from the other charges, the allegations forming the bases of these charges and the resisting arrest charge are not distinct. Thus, the present case is distinguishable from *Janetka* and *Cuthrell* in that in both of those cases distinct allegations formed the bases of the different charges involved. Here, the same conduct which formed the bases for the criminal possession and menacing charges also formed the basis for the resisting arrest

---

1. Under South Carolina law, to recover for malicious prosecution a plaintiff must show:
   (1) the institution or continuation of original judicial proceedings, either civil or criminal, (2) by, or at the instance of, the defendant, (3) termination of such proceeding in plaintiff's favor, (4) malice in instituting such proceedings, (5) want of probable cause, and (6) resulting injury or damage.
   *Ruff,* 220 S.E.2d at 651 (quoting *Parrott v. Plowden Motor Co.,* 246 S.C. 318, 321, 143 S.E.2d 607 (1965)).

charge. In addition, Goree was convicted of the resisting arrest charge, one of the two class A misdemeanor charges. Hence, refusing to allow a malicious prosecution claim under the circumstances presented would not implicate the Second Circuit's concern that police officers otherwise could add unsupported serious charges to legitimate minor charges with impunity. Goree was not only convicted before a single jury on the two minor charges, but also on one of the two most serious charges.

Under the circumstances presented, Goree cannot maintain a malicious prosecution claim based on the charges for which he was acquitted. *See Ruff*, 220 S.E.2d at 651–52. Accordingly, the motion for reconsideration must be denied.

### CONCLUSION

Based on the reasons above, Goree's motion for reconsideration of this Court's June 8, 1989 order is denied. Further, under the circumstances, the Court determines that there is no just reason for delay, and directs the entry of final judgment on the malicious prosecution claim. Fed.R. Civ.P. 54(b). This claim is based upon a distinct question of law, and the Court believes that sound judicial administration will not be thwarted by entry of final judgment. For similar reasons, this Court grants certification under 28 U.S.C. § 1292(b) since this order involves a controlling issue of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation.

SO ORDERED.