95 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Rashid A. PIGOTT, Plaintiff, Appellant,
v.
Elizabeth VEGA, et al., Defendants, Appellees.
 No. 95-2225.
 United States Court of Appeals, First Circuit.
 Sept. 3, 1996.
 
 Rashid A. Pigott on brief pro se.
 Scott Harshbarger, Attorney General, and Ellyn H. Lazar, Assistant Attorney General, on brief for appellees.
 Before TORRUELLA, Chief Judge, and STAHL and LYNCH, Circuit Judges.
 
 PER CURIAM
 
 1
 Pro se plaintiff Rashid Pigott appeals a district court order that dismissed this 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). Pigott's complaint sought monetary damages and declaratory and injunctive relief on the grounds that the defendants violated his constitutional rights by falsifying the trial transcripts essential for Pigott's direct appeal and obstructing Pigott's efforts to correct those transcripts.
 
 
 2
 We have thoroughly reviewed the record and the parties' briefs on appeal. We conclude that the instant action was properly dismissed, although not for the reasons relied upon by the district court.[1] Rather, we conclude that this action essentially challenges the validity of Pigott's conviction and that it is therefore barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994) (holding § 1983 damages suit for conduct that would necessarily imply the invalidity of plaintiff's criminal conviction is not cognizable unless plaintiff's conviction or sentence has already been invalidated). Cf. Tedford v. Hepting, 990 F.2d 745, 749 (3d Cir.1993) (where § 1983 plaintiff sought a declaration that his constitutional rights on appeal were violated as a result of falsification of transcripts, Third Circuit held that plaintiff's civil rights suit was "a direct challenge to the validity of his conviction and the legality of plaintiff's confinement"); Scruggs v. Moellering, 870 F.2d 376, 378 (7th Cir.) (upholding dismissal of § 1983 claim for injunction requiring judge and court reporter to provide accurate trial transcripts on ground suit was an improper use of § 1983 where plaintiff sought injunction solely to facilitate attack on his conviction), cert. denied, 493 U.S. 956 (1989); Wilcox v. Miller, 691 F.2d 739, 741 (5th Cir.1982) (claim that trial transcript was altered to assure affirmance of defendant's conviction on appeal "would seem to challenge the validity of his conviction"). As Pigott's conviction has not been invalidated, his claims for relief are not cognizable under § 1983.[2]
 
 
 3
 In addition to seeking relief for the alleged violation of his right to a direct appeal, Pigott's complaint also alleged that defendant Leary violated his constitutional rights by unjustifiably delaying Pigott's appeal from the denial of his motion for new trial. As this claim has not been developed on appeal, we deem it waived. See, e.g., Barrett v. United States, 965 F.2d 1184, 1194 & n. 19 (1st Cir.1992) (issues adverted to in a perfunctory fashion are deemed waived).[3]
 
 
 4
 In view of the foregoing, the judgment of the district court is summarily affirmed, see Local Rule 27.1, but we modify the dismissal to be without prejudice. See Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 6 (1st Cir.1994).
 
 
 
 [1]
 The district court dismissed this action for the reasons stated in the defendants' memorandum in support of their motion to dismiss. That memorandum incorrectly asserted that Pigott's claim that he was deprived of his right to appeal was meritless because Pigott's direct appeal was then pending. As the defendants have waived this argument on appeal, we do not rely on it
 
 
 [2]
 We note that Pigott presently has a federal habeas action pending in the district court and an appeal from the denial of his motion for a new trial pending in the Massachusetts Appeals Court. Both actions raise the same claims that Pigott has asserted here
 
 
 [3]
 Pigott also contends that defendant Leary maintained a policy of deliberate indifference to the rights of pro se litigants that resulted in the loss of his direct appeal and numerous violations of the rights of other pro se prisoners. To the extent Pigott seeks relief for the loss of his appeal, this claim is barred by Heck. Pigott has no standing to pursue claims on behalf of other prisoners