**Daniel Lucien ST. GERMAIN,**
**Plaintiff,**

v.

**Daryl ISENHOWER and Vickie**
**Lee Anderson, Defendants.**

**Daniel Lucien St. Germain, Plaintiff,**

v.

**Michael Moore, Joanne Holman, Russell**
**Akins, Marc A. Cianca, Peter Warren**
**Kenny, Dr. Ralph Mora, Gwendolyn**
**Miller, and Bernardo Fernandez, Defendants.**

**No. 00–0013–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

May 30, 2000.

Daniel Lucien St. Germain, Wewahitchka, FL, pro se.

JORDAN, District Judge.

The magistrate judge has recommended that the 42 U.S.C. § 1983 complaints filed by Daniel Lucien St. Germain in these two related cases be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2) for failure to state a claim. *See* Magistrate Judge's Report in *St. Germain v. Isenhower et al.*,

Case No. 00–0013–Civ–Jordan [D.E. 5]; Magistrate Judge's Report in *St. Germain v. Moore et al.,* Case No. 00–0016–Civ–Jordan [D.E.5]. After considering Mr. St. Germain's objections in both matters and independently reviewing the records in the cases, I agree that all but one of the claims must be dismissed pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The one claim that is not barred by *Heck* must be dismissed for failure to state a claim under § 1983. Thus, each case is dismissed without prejudice in its entirety.

## I. Procedural History

In December of 1998, a Florida jury acquitted Mr. St. Germain of committing a burglary with a battery and of kidnaping, but convicted him of two lesser-included offenses—misdemeanor battery and false imprisonment (a third-degree felony). *See* Complaint in Case No. 00–0013 [D.E. 1] at 8, 10.[1] The Fourth District Court of Appeal affirmed the convictions in July of 1999. *Id.,* Comp. Exh. I. Mr. St. Germain has been unsuccessful in his post-conviction efforts to set aside the convictions. *Id.* at 3. In January of 2000, he filed the two complaints that are the subject of this order.

### A. The Allegations in Case No. 00–0013

In his first complaint, brought pursuant to 42 U.S.C. § 1983, Mr. St. Germain names two individuals as defendants—Daryl Isenhower, the assistant state attorney who prosecuted him, and Vickie Lee Anderson, the victim of the offenses. Mr. St. Germain alleges that he had a stormy relationship with Ms. Anderson, and admits that in June of 1998, while intoxicated, he assaulted Ms. Anderson. *Id.* at 5. According to the complaint, Ms. Anderson maliciously made false statements to the police about the incident, which resulted in Mr. St. Germain's arrest on charges of domestic battery, burglary, and false imprisonment. *Id.* at 6. Mr. Isenhower sub-sequently sent Mr. St. Germain an offer to plead guilty to burglary with a battery and kidnaping (and a sentence of 30 months' incarceration) in an allegedly malicious attempt to coerce a guilty plea, and had a presentence report prepared on Mr. St. Germain. *Id.* at 7 & Exh. E. When Mr. St. Germain did not accept the offer, Mr. Isenhower filed an information charging him with those same offenses. *Id.* at 6. According to Mr. St. Germain, Mr. Isenhower filed the information without reasonable cause because Ms. Anderson's statements "show[ed] a question of credibility." *Id.* During pretrial proceedings, Mr. Isenhower was late in turning over discovery, and Mr. St. Germain's counsel had to recopy the discovery from Mr. Isenhower's office. *Id.* at 7 & Exh. F.

Mr. St. Germain represented himself at trial, with public defender Russell Akins acting as stand-by counsel. *Id.,* Exh. G at 104–07. Mr. Isenhower tried to use photographs taken by Ms. Anderson days after the incident even though he did not provide those to Mr. St. Germain until the evening before trial. Circuit Judge Marc Cianca, who presided over the trial, allowed the use of the photographs subject to foundational requirements, but did not allow Mr. Isenhower to introduce a hair sample from Ms. Anderson. *Id.* at 113–14. Mr. St. Germain alleges that at trial Ms. Anderson's testimony was found to be false, *id.* at 7 & Exh. D, though he was found guilty of the two lesser-included offenses. Finally, says Mr. St. Germain, Mr. Isenhower and Ms. Anderson conspired to secure an illegal prison sentence for him through the use of Ms. Anderson's false testimony at the sentencing hearing and through the use of an erroneous scoring calculation under the state sentencing guidelines. *Id.* at 10.

The complaint contains two counts. Count 1 is against Mr. Isenhower for malicious prosecution. *Id.* at 10. Count 2 is against Ms. Anderson for malicious prosecution and abuse of process. *Id.* at 11.

---

1. *See also* Complaint in Case No. 00–0016 [D.E. 1], Exh. B at 6.

Mr. St. Germain requests that the Florida Bar and certain government agencies be told of the misconduct, that he be awarded compensatory and punitive damages for the fear and distress he has suffered—and is continuing to suffer—as a result of his "prison sanction" and "loss of freedom," and that he be awarded costs. *Id.* at 12.

### B. The Magistrate Judge's Report in Case No. 00–0013

The magistrate judge concluded that Mr. St. Germain's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and the doctrine of absolute immunity. *See* Magistrate Judge's Report [D.E. 5] at 2. In his objections to the magistrate judge's report, Mr. St. Germain argues that he is not contesting his convictions for misdemeanor battery and false imprisonment or the sentence imposed upon him. Instead, Mr. St. Germain explains, the complaint is directed at his prosecution on the other more serious felonies on which the jury returned a verdict of acquittal. He therefore contends that *Heck* does not bar his claims. *See* Objections to Report [D.E. 6] at 2. He also argues that Mr. Isenhower and Ms. Anderson are not entitled to absolute immunity. *Id.* at 3–5.

### C. The Allegations in Case No. 00–0016

In his second complaint, Mr. St. Germain sues various individuals for their roles in securing his convictions and in preventing him from properly appealing those convictions. The defendants are Michael Moore, the superintendent of the Florida Department of Corrections; Joanne Holman, the clerk of the circuit court where Mr. St. Germain was convicted; Circuit Judge Marc Cianca; Russell Akins, the public defender who acted as stand-by counsel for Mr. St. Germain at trial; Peter Warren Kenny and Bernard Fernandez, two other public defenders; Dr. Ralph Mora, who examined Mr. St. Germain; and Gwendolyn Miller, the court

reporter/transcriptionist for Mr. St. Germain's trial. Mr. St. Germain seeks declaratory and injunctive relief, as well as compensatory and punitive damages against all defendants in their personal and official capacities. *See* Complaint in Case No. 00–0016 [D.E. 1] at 1. The complaint is based on 42 U.S.C. §§ 1983, 1985, and 1986. *Id.* at 2.[2]

Mr. St. Germain alleges in the complaint that he has been impeded at all levels in seeking pretrial and post-conviction relief in his criminal case. *Id.* at 3(c). The complaint relates many of the same background allegations as the complaint in Case No. 00–0013.

According to Mr. St. Germain, Mr. Kenny, one of the public defenders, did not know anything about the state's case, and the prosecution introduced various exhibits in violation of state discovery rules. *Id.* at 8. Mr. St. Germain also alleges that Dr. Mora violated the order which directed him to examine Mr. St. Germain, refused to meet with Mr. St. Germain, and improperly sent a copy of his report to Judge Cianca and the prosecutor. *Id.* at 6–7.

The complaint further alleges that the defendants engaged in a conspiracy to prevent Mr. St. Germain from challenging his convictions. Mr. St. Germain says that Ms. Holman, at the direction of Mr. Kenny, prepared an incomplete and fraudulent record of Mr. St. Germain's case for appeal. The record included matters and proceedings which never took place, and omitted numerous filings (e.g., the presentence investigation report). *Id.* at 4–5, 8. Mr. St. Germain contends that Judge Cianca made various prejudicial statements that were not transcribed. *Id.* at 7. At Judge Cianca's direction, the complaint alleges, some hearings were not transcribed at all and some transcripts were altered. *Id.* at 11, 14. Judge Cianca, according to the complaint, also amended Mr. St.Germain's notice of appeal, and, together with Mr. Kenny, "moved and or-

---

**2.** Mr. St. Germain also alludes to "issues [un-     der] 28 U.S.C. § 2254." Complaint at 1.

dered the appointment of appellate counsel" for Mr. St.Germain. *Id.* at 9. Mr. St. Germain sought to discharge Mr. Fernandez, another public defender, as his appellate counsel, but his request was refused by the Fourth District. *Id.* at 9–10.

Counts 1, 4, and 7 of the complaint are directed at Mr. Akins, Mr. Kenny, and Mr. Fernandez, the public defenders who were involved in Mr. St. Germain's case. Each of them is alleged to have committed conspiracy, negligence, malpractice, and breach of fiduciary duty. *Id.* at 12, 15, and 18. Count 2, directed at Dr. Mora, sets forth claims for conspiracy, malpractice, and breach of fiduciary duty. Count 3, directed at Judge Cianca, alleges that he acted without jurisdiction and abused his power. *Id.* at 14. Count 5, directed at Ms. Holman, contains claims for conspiracy, negligence, breach of fiduciary duty, and fraud. *Id.* at 16. Count 6, directed at Ms. Miller, sounds in conspiracy, negligence, fraud, malpractice, and breach of fiduciary duty. *Id.* at 17.

Mr. St. Germain seeks to vacate his convictions through injunctive relief and requests compensatory and punitive damages. He wants to recover $100,000 in compensatory damages and $250,000 in punitive damages from all defendants, plus $25,000 in combined damages from Dr. Mora and $10,000 in damages from Ms. Miller. *Id.* at 18.

### D. The Magistrate Judge's Report in Case No. 00–0016

As with Case No. 00–0013, the magistrate judge recommended that this action be dismissed pursuant to *Heck*. *See* Magistrate Judge's Report [D.E. 5] at 2–3. Mr. St. Germain filed objections to the magistrate judge's report. *See* Objections to Report [D.E. 6]. He contends that his lawsuit, though brought under §§ 1983, 1985, and 1986, also incorporates a petition for habeas corpus under 28 U.S.C. § 2254. *Id.* at 1–2. He further maintains that he

has exhausted all of his remedies in state court with respect to his convictions and that *Heck* is inapplicable. Finally, he points out that he has another case pending in the Southern District, *St. Germain v. St. Lucie County Commission et al.*, Case No. 99–14131–Civ–Moore,[3] seeks permission to file a habeas corpus petition under that case, and requests that all of his cases be consolidated. *Id.* at 3–4. He suggests that his soon-to-be-filed habeas corpus petition can be adjudicated at the same time as the claims for injunctive relief, *id.*, but the only injunctive relief actually sought in the complaint is the vacatur of his convictions. *See* Complaint at 19.

## II. Discussion

In *Heck*, the Supreme Court ruled that

to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486–87, 114 S.Ct. 2364. A district court must therefore "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. 2364. "But if ... the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit." *Id.* at 487, 114 S.Ct.

---

**3.** Judge Moore dismissed this case on March 21, 2000. Mr. St. Germain has appealed the dismissal.

2364. *See also Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (if a § 1983 plaintiff "were to seek damages 'for using the wrong procedures, not for reaching the wrong result,' and if that procedural defect did not 'necessarily imply the invalidity of' the [proceeding], then *Heck* would have no application at all"); *Edwards v. Balisok*, 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (state prisoner's claim for damages and declaratory relief for Fourteenth Amendment due process violations based on procedures used in disciplinary hearing was not cognizable under § 1983 because prisoner's allegations of deceit and bias on part of hearing officer would necessarily imply invalidity of punishment). As explained below, I conclude that *Heck* bars all but one of Mr. St. Germain's claims in the two cases, and that the one claim that is not barred by *Heck* fails to state a claim upon which relief can be granted under § 1983.

### A. *Heck* Applied to Case No. 00–0013

According to the complaint in Case No. 00–0013, Ms. Anderson, the victim, engaged in abuse of process and malicious prosecution by providing false testimony to the authorities prior to the filing of the information and at trial. Mr. Isenhower, the assistant state attorney who prosecuted Mr. St. Germain, allegedly engaged in malicious prosecution by filing charges without reasonable cause, trying to coerce a guilty plea, violating discovery rules, and improperly introducing evidence at trial. Mr. St. Germain also accuses both Ms. Anderson and Mr. Isenhower of conspiring to obtain a higher sentence for him by presenting Ms. Anderson's false testimony at the sentencing hearing and using an incorrect sentencing calculation. Mr. St. Germain seeks declaratory relief—i.e., informing various state agencies and authorities about the alleged misconduct—as well as compensatory and punitive damages for the fear and distress he has suffered and is continuing to suffer as a result of his "prison sanction" and "loss of freedom."

As the Eleventh Circuit has explained, a person who has "been unlawfully and forcefully restrained in violation of the Fourth Amendment" can assert an action for malicious prosecution under § 1983 if "injuries, due to that seizure, follow as the prosecution goes ahead." *Whiting v. Traylor*, 85 F.3d 581, 584 & n. 4 (11th Cir.1996). *See Uboh v. Reno*, 141 F.3d 1000, 1002–03 (11th Cir.1998) ("our court ... unequivocally has identified malicious prosecution to be a constitutional tort that is cognizable under § 1983"). Other federal courts have recognized a federal constitutional claim for the related tort of abuse of process. *See, e.g., Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir.1994).

Nevertheless, Mr. St. Germain's claims for malicious prosecution against Mr. Isenhower and Ms. Anderson are not currently cognizable under § 1983 because they call into question the validity of Mr. St. Germain's convictions, which have not been overturned or set aside. *See Heck*, 512 U.S. at 478–79, 486–90, 114 S.Ct. 2364 (dismissing § 1983 malicious prosecution lawsuit against prosecutors and investigators insofar as prisoner alleged that the investigation leading to his arrest was unlawful and arbitrary, that exculpatory evidence was destroyed, and that illegal voice identification procedure was used at trial). Mr. St. Germain's claim for abuse of process against Ms. Anderson also fails. Although an abuse of process claim normally does not require favorable termination of the prior proceeding, *see id.* at 486 n. 5, 114 S.Ct. 2364, the abuse of process claim against Ms. Anderson must be analyzed together with the malicious prosecution claim under *Heck* because the damages Mr. St. Germain seeks for abuse of process are (like the damages sought for malicious prosecution) based on his conviction and imprisonment. Complaint at 12. *See Heck*, 512 U.S. at 486 n. 5, 114 S.Ct. 2364 ("one could no more seek compensatory damages in an action for abuse of process than in one for malicious prosecution").

The Eleventh Circuit's decisions confirm that Mr. St. Germain's claims against Mr. Isenhower and Ms. Anderson must be dismissed without prejudice under *Heck. See Kelly v. Serna,* 87 F.3d 1235, 1238–39 (11th Cir.1996); *Whiting,* 85 F.3d at 583–85; *Abella v. Rubino,* 63 F.3d 1063, 1064–65 (11th Cir.1995).

Mr. St. Germain seeks to avoid dismissal under *Heck* by arguing that his complaint is directed only at the more serious felony charges on which he was acquitted and not at the charges on which he was convicted. Because the jury found him not guilty of the more serious charges, Mr. St. Germain asserts that *Heck* is inapplicable. *See, e.g.,* Objections at 1–3. As noted earlier, Mr. St. Germain was acquitted of burglary with a battery and kidnaping, but was convicted of misdemeanor battery and false imprisonment, lesser-included offenses. Thus, the question presented is whether a § 1983 action for malicious prosecution can be maintained with respect to the initial criminal charges lodged against the plaintiff if the prosecution resulted in the plaintiff's conviction on lesser-included offenses and no outright acquittals.

"The question of whether a disposition is 'favorable' is not always an easy one." *Whiting,* 85 F.3d at 585 n. 9. In *Uboh,* 141 F.3d at 1004, a malicious prosecution action under *Bivens,*[4] the Eleventh Circuit explained that " 'only terminations that indicate that the accused is innocent ought to be considered favorable,' " and that "withdrawal of criminal charges pursuant to a compromise or agreement does not constitute a favorable termination." Applying that standard, the Eleventh Circuit held that a unilateral dismissal of drug charges by a prosecutor constituted a favorable termination as to those charges under *Heck* even though the dismissal came after the defendant was convicted of accompanying charges of credit card

fraud: "Each of the offenses contains entirely different elements, *neither charge is a lesser-included offense of the other, and the charges were not tried as part of the same proceeding[.]* " *Id.* at 1005 (emphasis added).

Applying *Uboh,* I conclude that *Heck* requires dismissal of Mr. St. Germain's claims against Ms. Anderson and Mr. Isenhower. To determine whether a conviction on a lesser-included offense bars a constitutional malicious prosecution claim, I "look first to the common law of torts." *Heck,* 512 U.S. at 483, 114 S.Ct. 2364. At common law, "to subject a person to liability for malicious prosecution, the criminal proceedings must have terminated in favor of the accused." Restatement (Second) of Torts, § 658 (1976). *See also* F. Harper, F. James, Jr., and O. Gray, The Law of Torts § 4.14 (3d ed. & 2000 Cum.Supp. Vol. 1) ("No action can be maintained for malicious prosecution based on proceedings that turned out to be well-founded.").

Those courts which have addressed the issue presented here have held that a malicious prosecution action will not lie if the plaintiff has been convicted of a lesser-included offense. *See Alt v. Parker,* 112 N.C.App. 307, 435 S.E.2d 773, 776 (1993) (North Carolina common law); *Fridovich v. Fridovich,* 573 So.2d 65, 71 (Fla. 4th DCA 1990) (Florida common law) (citing *Warriner v. Burdines, Inc.,* 93 So.2d 108 (Fla.1957)). *See also Cuthrell v. Zayre of Virginia,* 214 Va. 427, 201 S.E.2d 779, 779–80 (1974) (conviction on disorderly conduct charge did not bar plaintiff's malicious prosecution action based on her acquittal of petty larceny charge because "disorderly conduct is not a lesser-included offense of larceny"). The rationale is that a conviction on a lesser-included offense does not constitute a favorable termination for the accused. *Fridovich,* 573 So.2d at 71. *See* Restatement (Second) of Torts, § 660, comment a (1976) ("Proceedings are 'ter-

---

4. *See Bivens v. Six Unknown Named Agents of the F.B.I.,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

minated in favor of the accused' ... only when their final disposition is such as to indicate the innocence of the accused."). *Cf. DiBlasio v. City of New York,* 102 F.3d 654, 657–59 (2d Cir.1996) (affirming dismissal of § 1983 malicious prosecution action brought by individual who had been acquitted of selling cocaine but convicted of separate lesser charge of possessing a controlled substance at second trial, after first trial had resulted in conviction on all charges). There is also, however, a practical justification for precluding a malicious prosecution claim in the face of a valid conviction on a lesser-included charge. It will often be difficult or impossible to tell whether a jury's guilty verdict as to the lesser-included offense was the result of compromise, mistake, or lenity. *See generally United States v. Wright,* 63 F.3d 1067, 1073–74 (11th Cir.1995) (noting that a jury's inconsistent verdicts in a criminal case are not a basis for reversal because they may be based on lenity or mistake).

Simply put, a judgment in favor of Mr. St. Germain in this case would necessarily call into doubt his convictions on the lesser-included offenses. Although Mr. St. Germain says that he is only attacking the original (and more serious) charges lodged against him, he alleges unlawful behavior (e.g., perjury) that would also undermine his convictions on the lesser-included offenses. Thus, the difficulty of parallel litigation over the issues of probable cause and guilt and the danger of conflicting resolutions arising out of the same or identical transaction exist in this case just as they did in *Heck. See* 512 U.S. at 484, 114 S.Ct. 2364.

In sum, Mr. St. Germain's convictions on the lesser-included offenses of false imprisonment and misdemeanor battery do not constitute a favorable termination, and his § 1983 claims are therefore precluded under *Heck.* Mr. St. Germain's complaint in Case No. 00–0013 is dismissed without prejudice in its entirety.

**5.** The claim against Dr. Mora is discussed

## B. *Heck* Applied to Case No. 00–0016

Mr. St. Germain alleges that the defendants named in this action have impeded him at all levels in seeking pretrial and post-conviction relief. He seeks to vacate his convictions through injunctive relief and also seeks compensatory and punitive damages. *See* Complaint at 18.

It is evident that Mr. St. Germain's claims against all of the defendants—except for the claim against Dr. Mora [5]—must be dismissed under *Heck.* Not only would the allegedly unlawful actions complained of by Mr. St. Germain render his convictions invalid, the relief sought by Mr. St. Germain includes the vacatur of his convictions and the payment of damages flowing from those convictions. *See Abella,* 63 F.3d at 1065 ("Abella's damages claims rest on the contention that the defendants unconstitutionally conspired to convict him of certain crimes he did not commit. Judgment in favor of Abella on these claims 'would necessarily imply the invalidity of his conviction.' "); *Smith v. Coyne,* 984 F.Supp. 1186, 1188–89 (N.D.Ill. 1998) (defendant's claim for damages based on allegation that public defender, prosecutor, and judge conspired to deprive him of due process implied the invalidity of defendant's conviction and therefore was premature under *Heck*).

For example, Mr. St. Germain's claim that Ms. Holman, Mr. Kenny, Ms. Miller, and Judge Cianca arranged for the preparation of transcripts that were false is the sort of claim that *Heck* bars if the underlying convictions have not been set aside. *See Pigott v. Vega,* No. 95–2225, 1996 WL 496321, *1 (9th Cir.1996). *Accord Tedford v. Hepting,* 990 F.2d 745, 749 (3d Cir. 1993); *Wilcox v. Miller,* 691 F.2d 739, 741 & n. 4 (5th Cir.1982). Similarly, Mr. St. Germain's claims that Judge Cianca improperly amended his notice of appeal and that he and Mr. Kenny conspired to have appellate counsel appointed for Mr. St. Germain call into question the validity of Mr. St. Germain's convictions. A defen-

below.

dant has a constitutional right to represent himself at trial or on appeal, *see generally Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and "the denial of the right to proceed pro se is not amenable to harmless error analysis." *Dorman v. Wainwright,* 798 F.2d 1358, 1370 (11th Cir.1986) (citing *McKaskle v. Wiggins,* 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984)).

█ To the extent that Mr. St. Germain claims that the public defenders who represented him—Mr. Akins, Mr. Kenny, and Mr. Fernandez—committed malpractice and negligence and breached their fiduciary duties, those claims too must be dismissed without prejudice under *Heck.* A defendant who can show that his counsel's representation fell below an objectively reasonable standard and resulted in prejudice is entitled to have his conviction set aside. *See generally Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, the Tenth Circuit, applying *Heck,* has concluded that a defendant cannot seek damages for malpractice against his federal public defender under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.,* if his underlying conviction is still in place. *See Parris v. United States,* 45 F.3d 383, 384–85 (10th Cir.1995). *See also Levine v. Kling,* 123 F.3d 580, 582–83 (7th Cir.1997) (under Illinois law a convicted defendant could not maintain an action for malpractice against his appellate defense counsel unless he could establish, as by successful collateral attack on his conviction, that he was innocent of the crime with which he was charged). I agree with *Parris* and conclude that *Heck* applies to Mr. St. Germain's claims against his public defenders.

The only possible claim in Case No. 00–0016 that is not barred by *Heck* is the one against Dr. Mora. As noted earlier, Mr. St. Germain alleges that Dr. Mora violated the court order directing him to examine Mr. St. Germain, refused to meet with Mr. St. Germain, and sent a copy of his report to Judge Cianca and Mr. Isenhower. *See*

Complaint at 6–7. Mr. St. Germain contends that these actions by Dr. Mora constitute conspiracy, malpractice, and breach of fiduciary duty. *See id.* at 14. Although the claims against Dr. Mora do not necessarily call into question the validity of Mr. St. Germain's convictions, *see Spencer,* 523 U.S. at 17, 118 S.Ct. 978, Mr. St. Germain has completely failed to identify any federal right that was violated by Dr. Mora's alleged actions. Thus, as to Dr. Mora the § 1983 action fails to state a claim upon which relief can be granted, and must therefore be dismissed without prejudice.

█ Finally, Mr. St. Germain's alternative request to treat his § 1983 complaint as a petition for a writ of habeas corpus is denied. A plaintiff like Mr. St.Germain cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *See Abella,* 63 F.3d at 1066 (citing *Heck* and *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). If Mr. St. Germain wishes to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, he is free to do so.

### III. Conclusion

For the reasons set forth above, the complaints in *St. Germain v. Isenhower et al.,* Case No. 00–0013–Civ–Jordan, and *St. Germain v. Moore et al.,* Case No. 00–0016–Civ–Jordan, are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1). The clerk is directed to file this order in each of the two cases and to close both cases. Any pending motions are denied as moot.