OPINION OF THE COURT
Jasen, J.
Plaintiff, Doris Feinberg, brought this action for false arrest and malicious prosecution after having been acquitted of a charge of petit larceny. That criminal charge had been filed against her by security personnel of defendant Saks & Company. At trial, a general verdict was returned in Mrs. Feinberg’s favor on the cause of action for malicious prosecution, and in favor of defendants on the false arrest cause of action.
Although the defendants had not requested a charge that the jury’s finding on the false arrest cause of action *210 should in any way affect their determination on the other cause of action for malicious prosecution, defendants moved to set aside the malicious prosecution verdict for Mrs. Feinberg on the ground that it was inconsistent with the verdict for defendants on the false arrest cause of action. This objection to the verdicts was raised for the first time after the jury had been discharged.
The trial court ruled that the two verdicts were not inconsistent and specifically noted that the defense had failed to raise a timely objection. (Cf. Barry v Manglass, 55 NY2d 803, 806.) On appeal, the Appellate Division nonetheless reached the unpreserved issue, reversed the trial court, and dismissed plaintiff’s cause of action for malicious prosecution (83 AD2d 952). The court held that the defendants, who had probable cause to subject plaintiff to reasonable detention (General Business Law, § 218), had a complete defense to a cause of action for false arrest or imprisonment, and existence of such probable cause will also serve to bar an action for malicious prosecution unless some intervening fact exonerating plaintiff has become known to defendants between the time of detention and the time of prosecution. The Appellate Division concluded that the verdict for defendants on the cause of action for “false detention” and verdict for plaintiff on the cause of action for malicious prosecution were inconsistent since there were no intervening circumstances in this case which would have vitiated defendants’ probable cause to detain plaintiff.
Although the order of the Appellate Division states that the reversal was on the law, it is clear that, in reaching the unpreserved legal issue as to whether the verdicts were inconsistent, the Appellate Division exercised its broad discretionary powers of review. The subsequent reversal by the Appellate Division makes the order of that court appealable to this court. (CPLR 5601, subd [a], par [ii].) The legal issue presented, however, is not subject to our review as defendants during trial failed to make a timely objection to preserve it for our review. (CPLR 5501; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5501:2, p 23; Siegel, New York Practice, § 529, p 731.) This court has no power to review either the unpre *211 served error or the Appellate Division’s exercise of discretion in reaching that issue. (E.g., 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.11.)
We do have the power, however, to review the corrective action taken by the Appellate Division in dismissing plaintiff’s cause of action for malicious prosecution after determining that the verdicts of the jury were inconsistent. (Maguire v Barrett, 223 NY 49.) The Appellate Division could reverse on the law and dismiss the complaint only if there was no evidence at trial that the defendant, between the time of detention and the time of instituting the criminal proceeding against the plaintiff, had knowledge of some intervening fact exonerating plaintiff. Put another way, the Appellate Division’s dismissal of the complaint would be proper only if there was no evidence upon which the jury could have found an intervening circumstance necessary to support an inference of malice. (Martin v City of Albany, 42 NY2d 13.) In resolving this question, appellate courts “should consider the facts adduced at trial in a light most favorable to the plaintiff and the plaintiff is entitled to the benefit of every favorable inference that can reasonably be drawn from the facts.” (Martin v City of Albany, supra, at p 18.)
We believe that there is some evidence in the record before this court which, if credited by the jury, could establish an intervening circumstance supporting an inference of malice and, therefore, the Appellate Division should not have dismissed plaintiff’s complaint but, rather, should have ordered a new trial. (Martin v City of Albany, supra, at p 16; NY Const, art I, § 2.) Thus, the proper disposition of this case would have been to order a new trial so that a properly charged jury could determine whether, on the facts presented, plaintiff should recover from defendants on the cause of action for malicious prosecution.
No appeal having been taken from so much of the judgment as found in favor of defendants on the cause of action for false arrest, that issue is not before the court.
For the reasons stated, the order of the Appellate Division should be modified by deleting so much of that order *212 as dismisses the cause of action for malicious prosecution, and the case remitted to Supreme Court, Westchester County, for a new trial on the cause of action for malicious prosecution, with costs to abide the event, and, as so modified, the order should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified and case remitted to Supreme Court, Westchester County, for a new trial in accordance with the opinion herein, with costs to abide the event, and, as so modified, affirmed.