■ COLETTE M. COFFEY et al., Respondents, v TOWN OF WHEATLAND et al., Appellants.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Special Term erred in denying defendants' summary judgment motion. Plaintiff Colette M. Coffey's complaint alleges causes

of action for false arrest, false imprisonment and violation of her civil rights based on her warrantless arrest on December 2, 1984 for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and failure to keep right (Vehicle and Traffic Law § 1120 [a]).

Plaintiff, after her arrest, refused to submit to a chemical test for blood alcohol and on August 12, 1985 a hearing was held before an Administrative Law Judge of the New York State Department of Motor Vehicles to determine whether plaintiff's driver's license should be revoked based on this refusal (Vehicle and Traffic Law § 1194 [3]). Plaintiff was represented at the hearing by counsel, who cross-examined witnesses and presented the testimony of plaintiff and her witness. The Administrative Law Judge revoked plaintiff's license, finding in part that the police officer made a lawful arrest and that the officer had reasonable grounds to believe that plaintiff had been driving while intoxicated (see, Vehicle and Traffic Law § 1194 [3] [a]). On appeal this decision was affirmed by the Commissioner of Motor Vehicles. No further appeal was taken.

Defendants contend that the determination of the administrative tribunal collaterally estopped plaintiff from relitigating the existence of probable cause to support her claims. We agree. Collateral estoppel requires an identity of issue necessarily decided in the prior matter, which is controlling in the present action, and a full and fair opportunity to litigate the prior decision (Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 71). Both of these elements are present in this case. A lack of probable cause is a necessary element of plaintiff's cause of action for false arrest and imprisonment (Broughton v State of New York, 37 NY2d 451, 458, cert denied sub nom. Schanbarger v Kellogg, 423 US 929; Feinberg v Saks & Co., 83 AD2d 952, mod 56 NY2d 206). It is also a prerequisite for plaintiff's civil rights claims based on this arrest (Zanghi v Incorporated Vil. of Old Brookville, 752 F2d 42). An "identicality and decisiveness of the issue" is thus established as a finding of probable cause is required to revoke plaintiff's license (Ryan v New York Tel. Co., 62 NY2d 494, 501; Zanghi v Incorporated Vil. of Old Brookville, supra, at 46).

The record also shows that plaintiff had a full and fair opportunity to litigate this issue before the administrative tribunal (see, Ryan v New York Tel. Co., supra, at 503-504). Plaintiff's only contention in this regard was that new evidence existed, to wit, that her driving while intoxicated

charge had been dismissed and she was acquitted of the charge of failure to keep right. This evidence was available at the time of the hearing and thus does not form a basis for defeating the application of collateral estoppel *(Ryan v New York Tel. Co., supra,* at 504). Further, this evidence was in fact presented to the Hearing Officer. Therefore, collateral estoppel precludes plaintiff's relitigation *(Ryan v New York Tel. Co., supra).* (Appeal from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.