Mary RIZZO, individually and as parent and Natural Guardian of Michaela Christine Rizzo and Noah Matthew Rizzo, Plaintiff–Appellant,

v.

EDISON, INC., Charter School of Science and Technology, Joseph Accongio, individually and in his capacity as Principal of the Charter School of Science and Technology, City of Rochester, New York, Frank Coriddi, Rochester Police Officer, Known or Unknown Officers and Other Supervisory Personnel of the Rochester Police Department, Defendants–Appellees.*

No. 05–3707.

United States Court of Appeals,
Second Circuit.

March 24, 2006.

---

* The caption is hereby corrected to reflect the correct spelling of Defendants–Appellees' names.

Robert L. Brenna, Brenna & Brenna, Rochester, New York, for Plaintiff–Appellant.

** The Honorable John G. Koeltl, United States District Court for the Southern District of

Mark N. Reinharz, Bond, Schoeneck & King, PLLC, Garden City, New York, for Defendants–Appellees Edison, Inc., Charter School of Science and Technology and Joseph Accongio.

Linda S. Kingsley, Corporation Counsel, Rochester, New York, for City Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.**

## SUMMARY ORDER

Plaintiff Mary Rizzo appeals from the Decision and Order of the United States District Court for the Western District of New York (Telesca, *J.*) entered March 10, 2005, granting defendants' motions for summary judgment, dismissing the Complaint with prejudice, and denying plaintiff's partial motion for summary judgment, and from the June 8, 2005 Order denying her motion for reconsideration. Plaintiff's action arose out of her arrest and prosecution for allegedly making a bomb threat to the Edison, Inc., Charter School of Science and Technology ("Edison Tech."), where Ms. Rizzo had been a science teacher. The Complaint alleged state law claims of negligence, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and libel; and violations of civil rights under 42 U.S.C. §§ 1983, 1985. Familiarity is assumed as to the facts, the procedural context, and the issues specified for appellate review.

■ (1) Plaintiff's contention that her arrest by Rochester police officers was

New York, sitting by designation.

unconstitutional under the rule of *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) has been waived because Plaintiff never raised this issue before the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Mycak v. Honeywell, Inc.*, 953 F.2d 798, 803 (2d Cir.1992). Plaintiff did not object to the arrest on the ground that the police lacked an arrest warrant. General statements in Plaintiff's complaint—that the arrest was "false", "unlawful", and without consent—did not put defendants or the district court on notice that Plaintiff was contesting anything other than the lack of probable cause. We therefore decline to consider the issue on appeal.

■ (2) Plaintiff's claims against the Rochester defendants of false arrest, false imprisonment, malicious prosecution, and violation of her civil rights were properly dismissed because there was probable cause for Plaintiff's arrest and subsequent prosecution. *See Zanghi v. Incorporated Village of Old Brookville*, 752 F.2d 42, 45 (2d Cir.1985) ("It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution."); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.") (internal quotation marks and citations omitted). There is no jury question here. Probable cause is an objective standard; and it is a question of law whether undisputed facts constitute probable cause. Moreover, "probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994).

The Edison Tech. secretary who took the call (Rochelle Alston) testified that she informed Officer Coriddi that the caller identified herself as Mary Rizzo and that she recognized the voice. "Both New York State and federal courts have held that a purported crime victim's identification of the alleged culprit will generally suffice to create probable cause to arrest." *Donovan v. Briggs*, 250 F.Supp.2d 242, 251–52 (W.D.N.Y.2003) (citing *Minott v. City of New York*, 203 A.D.2d 265, 609 N.Y.S.2d 334, 336 (2d Dep't 1994)). Officer Coriddi, who investigated the threat, and Captain Bell, who made the decision to arrest Plaintiff, also knew that Plaintiff had recently been in an altercation with a student and was on leave from the school. Given the context and the voice identification, "a person of reasonable caution [would be warranted] in the belief that the person to be arrested has committed ... a crime." *Weyant*, 101 F.3d at 852.

"Under New York law, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." *Lowth v. Town of Cheektowaga*, 82 F.3d 563 (2d Cir.1996) (internal quotation marks omitted). As no exculpatory evidence became known after Plaintiff's arrest, there was also probable cause to prosecute her.[1] *See*

1. Plaintiff's malicious prosecution claim also fails for a lack of malice. *See Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir.2000) (reciting elements of a malicious prosecution claim). Plaintiff's arguments as to what steps Officer Coriddi could have taken to improve the investigation into the bomb threat do not constitute evidence of malice. *Lowth*, 82 F.3d at 573 (defining malice as "a wrong or improper motive, something other than a desire to see the ends of justice served") (quoting *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502–03, 406 N.Y.S.2d 443, 377 N.E.2d 975 (1978)).

*McDermott v. City of New York*, 94CV2145, 1995 WL 347041, *5 (E.D.N.Y. May 30, 1995) ("In the absence of some indication that the authorities became aware of exculpatory evidence between the time of the arrest and the subsequent prosecution that would undermine the probable cause which supported the arrest, no claim for malicious prosecution may lie."); *cf. Feinberg v. Saks & Co.*, 56 N.Y.2d 206, 211, 451 N.Y.S.2d 677, 436 N.E.2d 1279 (1982) (finding the relevant inquiry to be whether "there was *no* evidence at trial that the defendant, between the time of detention and the time of instituting the criminal proceeding against the plaintiff, had knowledge of some intervening fact exonerating plaintiff") (emphasis in original).

Plaintiff argues that there are disputable issues of fact as to whether Alston did, in fact, recognize Rizzo's voice, and whether Alston told Officer Coriddi that she recognized the voice. To avoid summary judgment, however, Plaintiff must "set forth specific facts showing that there is a genuine issue for trial. Such an issue is not created by a mere allegation in the pleadings ... nor by surmise or conjecture on the part of the litigants[.]" *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir.1982) (per curiam) (internal quotation marks and citations omitted). Plaintiff here offers no evi-

dence—beyond conjecture—to cast doubt on the testimony of three witnesses that Alston believed she recognized the voice of the caller making the bomb threat to be Ms. Rizzo, and that Alston told this to both Principal Accongio and Officer Coriddi. Plaintiff offers no evidence to suggest that Officer Coriddi or Captain Bell should have doubted the credibility of Alston. And Plaintiff offers no evidence to controvert the testimony that Officer Coriddi then advised Captain Bell of the positive identification, which formed the basis of Bell's decision to arrest Plaintiff.[2]

■ (3) Plaintiff contends that the district court erred, as a matter of law, in rejecting expert opinion testimony on whether the police investigation was adequate to establish probable cause. As the district court explained, however, the existence of probable cause is a question of law that is not properly the subject of expert testimony. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.1991) ("As a general rule an expert's testimony on issues of law is inadmissable."). "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir.1992) (holding that expert testimony on what constitutes "deadly physical force" and whether the use of force was justified should have been excluded); *cf.*

**2.** Alston's reports do not say that she believed she recognized Plaintiff's voice. However, the reports concerned what the caller said, not what Alston believed. Likewise, Alston's equivocation on the stand at Rizzo's criminal trial does not undermine the evidence that, at the time of the arrest, Alston told Officer Coriddi that she recognized the caller's voice. And finally, the fact that Officer Coriddi did not testify at Rizzo's trial supports no inference: such testimony would have been cumulative and arguably inadmissible hearsay.

Plaintiff's reliance on our decision in *McClellan v. Smith*, 439 F.3d 137 (2d Cir.

2006) is misplaced. In *McClellan*, the plaintiff raised inconsistencies in the defendant's version of events and offered evidence—not simply conjecture—contradicting defendant's version. Likewise, the New York Court of Appeals decision in *People v. Moore*, 847 N.E.2d 394, 2006 WL 396946 (Feb. 21, 2006)—a case dealing with the reliability of an anonymous tip—does not change the principle that a voice identification by a witness whose credibility is not in doubt will usually suffice to establish probable cause.

*Stuart v. United States,* 23 F.3d 1483, 1487 (9th Cir.1994) (finding that the district court did not abuse its discretion in rejecting use of expert to opine on "probable cause"). The judge is both uniquely qualified and uniquely tasked to make the legal determination of what constitutes probable cause; an expert cannot assist in this task, at the summary judgment phase or at trial.

■ (4) Plaintiff claims that the Edison defendants libeled her by making a false Part 83 Report of the circumstances surrounding her May 21, 2001 altercation with a student, by publishing a letter to students and parents containing false information regarding the bomb threat, and by publishing a press release containing false information regarding the bomb threat. To state a prima facie case of libel, a plaintiff must allege: "(1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) defendant's fault, varying in degree depending on whether plaintiff is a private or public party; (4) falsity of the defamatory statement; and (5) injury to plaintiff." *Meloff v. New York Life Ins. Co.,* 240 F.3d 138, 145 (2d Cir.2001). Here, Accongio was required to submit the report to the State of New York. Where a party is under a duty to speak, and the communication is made to someone with a corresponding duty, the communication is protected under a qualified immunity. *Peters v. Baldwin Union Free S.D.,* 320 F.3d 164, 169 (2d Cir.2003). To overcome the qualified immunity, a plaintiff must show that the statements were false and motivated by malice in either the common law or constitutional meaning of that term. *Liberman v. Gelstein,* 80 N.Y.2d 429, 437, 590 N.Y.S.2d 857, 605 N.E.2d 344 (1992). Additionally, New York law requires a plaintiff to set forth "the particular words complained of ... in the complaint[.]" N.Y. C.P.L.R. 3016(a) (McKinney 1991).

Plaintiff's claim with respect to the Part 83 Report was properly dismissed because Plaintiff failed to specify the words that form the basis of her action. Also, the Report contains no defamatory statements. Plaintiff contends that the Report inaccurately states that a student's parents issued a charge of harassment with the Rochester Police Department. Even if this were false, the inaccuracy would be minor; the Report, taken as a whole, is accurate in its discussion of Plaintiff's altercation with the student. *See Law Firm of Daniel P. Foster, P.C. v. Turner Broad. Sys., Inc.,* 844 F.2d 955, 959 (2d Cir.1988) ("The accuracy of the report should be assessed on the publication as a whole, not isolated portions of it[;] ... [a] defendant is held only to a standard of substantial, not literal accuracy."); *Ingber v. Lagarenne,* 299 A.D.2d 608, 750 N.Y.S.2d 172, 174 (3d Dep't 2002) ("As a defense, truth need not be established to an extreme literal degree. Provided that the defamatory material on which the action is based is substantially true (minor inaccuracies are acceptable), the claim to recover damages ... must fail.") (internal quotation marks omitted). Likewise, the press release and letter contain no false statements regarding the Plaintiff: It is undisputed that the school received a threatening phone call from a female caller identifying herself as Mary Rizzo.

Plaintiff relies on *Karedes v. Ackerley Group, Inc.,* 423 F.3d 107 (2d Cir.2005), which stated:

> [W]here the [defamatory] words can be construed as having more than one meaning, only some of which are potentially defamatory, it is for a jury to select among those meanings.

423 F.3d at 113. But a jury question is raised only if the words can be read literal-

ly in a way that may be untrue. In this case, the words of the press release and letter are entirely accurate: Someone called making certain claims.

■ (5) To state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant engaged in: (1) extreme and outrageous conduct; (2) [with] intent to cause, or reckless disregard of a substantial probability of causing, severe emotion distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress.

*Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir.1999). "Ordinarily, whether the challenged conduct is sufficiently outrageous will be determined as a matter of law." *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 345–46 (S.D.N.Y.2000) (citing *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993)). Here, Plaintiff adduced no evidence to show that the defendants engaged in extreme or outrageous behavior. With respect to her arrest, Plaintiff's own testimony indicates that the police acted courteously, informing her that they would have to take her to the station, and giving her time to make childcare arrangements. Likewise, with respect to her libel claim, defendants simply fulfilled their duty to make mandatory reports and inform parents.

For the reasons set forth above, the judgment of the district court is AFFIRMED.