*Negrito v. Buonaugurio*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

Paul Noel Negrito, FKA Paul A.E. Noel,

> *Plaintiff-Appellant*,

> v.                                                        19-3141

Trooper James Buonaugurio,

> *Defendant-Appellee*,

Captain Michael Eaton, Mayor Lovely A. Warren,
Captain Kevin Reilly, Superintendent Keith Corlett,

> *Defendants.*

---

| | |
|---|---|
| **For Plaintiff-Appellant:** | PAUL NOEL NEGRITO, pro se, Rochester, New York. |
| **For Defendant-Appellee:** | BEEZLY J. KIERNAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor |

General, Jennifer L. Clark, Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Paul Noel Negrito, pro se, appeals from a judgment of the United States District Court for the Western District of New York in favor of the defendants in the instant 42 U.S.C. § 1983 action. The complaint alleges that defendant-appellee James Buonaugurio, a state trooper, falsely arrested and imprisoned Negrito in violation of the Fourth Amendment during a traffic stop that resulted in three tickets for traffic violations. The district court subsequently granted Buonaugurio's motion to dismiss the complaint and denied Negrito's motion for a default judgment as moot, both of which Negrito challenges on appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

### I.       Denial of Negrito's Motion for a Default Judgment

"We review the district court's decision [on a motion for a] default judgment for abuse of discretion." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).[1]

We discern no error, let alone an abuse of discretion, in the district court's denial of Negrito's motion for a default judgment. Negrito argues that a default judgment is warranted because, allegedly, Buonaugurio did not file a timely answer or motion in response to his complaint within 21 days of the service. However, Buonaugurio was never properly served with the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

summons and complaint.  Service is proper if it complies with one of the methods outlined in Rule 4(e)(2) of the Federal Rules of Civil Procedure or with the law of the state where the district court is located or where service is made.  *See* Fed. R. Civ. P. 4(e).  The complaint and the summons were mailed to Buonaugurio, they were never returned as executed, and no proof of service was ever filed.  Mailing, without any additional action taken, is not a sanctioned means of service under the Federal Rules or New York law.  *See* Fed. R. Civ. P. 4(e)(2); N.Y. C.P.L.R. § 308.  Therefore, a default judgment would have been improper.  *See Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 679 (2d Cir. 1992) (observing that a motion for default judgment was correctly denied when, *inter alia*, service was improper).

Moreover, Negrito's argument that the court misapplied Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure is misdirected.  Rule 55(c) permits a court to set aside an entry of default "for good cause" and set aside a default judgment in accordance with Rule 60(b).  *See* Fed. R. Civ. P. 55(c).  Here, the district court could not have misapplied these Rules, because there was no entry of default or default judgment to vacate.

## II.     Granting of Buonaugurio's Motion to Dismiss

"We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the [plaintiff's] favor." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012).

As an initial matter, the district court was permitted to consider the documents by the City of Rochester Traffic Violations Agency ("TVA") in deciding the motion to dismiss, as they were public filings.  *See Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings . . . ."); *Brass v. American Film Technologies, Inc.*, 987 F.2d 142,

3

150 (2d Cir. 1993) (observing that a court may consider "matters of which judicial notice may be taken" on a motion to dismiss).

"The Fourth Amendment requires that an officer making [] a [traffic] stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *Holeman v. City of New London*, 425 F.3d 184, 189 (2d Cir. 2005). "Probable cause is a complete defense to a constitutional claim of false arrest . . . and false imprisonment." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). The district court correctly ruled that probable cause existed because the TVA had ruled that Negrito was guilty of the three traffic violations for which he was issued tickets on the night he was stopped. We have ruled that a criminal conviction "normally would be conclusive evidence of probable cause" for the arrest, *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), but we have not addressed the precise issue of whether an adjudication of guilt on a traffic violation conclusively establishes probable cause. *But see Coffey v. Town of Wheatland*, 135 A.D.2d 1125, 1126, 523 N.Y.S.2d 267 (4th Dep't 1987) (holding that a decision by an administrative law judge of the New York State Department of Motor Vehicles to revoke plaintiff's license based on a traffic violation collaterally estopped plaintiff from relitigating the existence of probable cause). Nevertheless, because the Monroe County Court affirmed the TVA's rulings and the TVA's documents note the criminal nature of its proceeding, we find it appropriate to hold that, in this particular context, the adjudication of guilt on Negrito's traffic violations establishes probable cause.[2]

---

[2] We are not persuaded by Negrito's argument that his appeal to the Monroe County Court "discredit[ed]" the TVA's determinations. Appellant's Br. 22–23. Although it is true that "[a] conviction that has been reversed on appeal is no evidence of the existence of probable cause," *Weyant*, 101 F.3d at 852, the Monroe County Court affirmed the TVA's rulings, and Negrito's

4

Further, Negrito's allegation that the stop was unlawfully prolonged was also properly dismissed. "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's mission—to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). Beyond ordinary inquiries, an officer may ask other questions "so long as [the] [unrelated] inquiries do not measurably extend the duration of the stop." *Arizona v. Johnson*, 555 U.S. 323, 333 (2009). Under this standard, most of Buonaugurio's inquiries—asking for Negrito's license and registration, examining the restriction on his license, attempting to give a preliminary breath test, and having him step out of the vehicle—were all "ordinary inquiries incident to [a traffic] stop." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005); *see also Rodriguez*, 575 U.S. at 355 (observing that examples of ordinary inquiries include "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance"). As to the remaining inquiries—such as whether Negrito was British and what his two middle initials stood for—it is not adequately alleged that these questions "measurably extend[ed] the duration of the stop." *Johnson,* 555 U.S. at 333.

We have considered all of Negrito's remaining arguments on appeal and have found in them no grounds for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

subsequent motion for leave to appeal his traffic convictions was denied by the New York Court of Appeals.

5