■    JOSEPH L. LEE, Respondent-Appellant, v CITY OF MOUNT VERNON et al., Appellants-Respondents, et al., Defendants.—In an action to recover damages for malicious prosecution, (1) defendants City of Mount Vernon and Jerry Barbagallo appeal (a) from a judgment of the Supreme Court, Westchester County, entered January 18, 1978, which is in favor of the plaintiff in the principal sum of $155,000, representing compensatory damages, upon a jury verdict, (b) as limited by their brief, from so much of an amended order of the same court, dated January 24, 1978, as denied their motion to set aside the verdict, and (2) the plaintiff cross-appeals from so much of the judgment as failed to award him punitive damages (the trial court granted a posttrial motion to set aside the jury's award of punitive damages against defendant Barbagallo). Judgment reversed, on the law and the facts, without costs or disbursements, and complaint dismissed. Appeal from the amended order dismissed, without costs or disbursements, in light of the determination on the appeal from the judgment. Two days after plaintiff was paroled from prison, where he was serving a sentence for a robbery conviction, he was arrested and charged with the armed robbery of defendant Mary Pulas in the florist shop she owns with her husband in Mount Vernon. The shop is located on South Fifth Avenue near West First Street. The patrolman who arrived at the shop radioed the robber's description given him by Mrs. Pulas: a Black man of medium height, wearing black pants, a white shirt with pearl buttons, carrying a green jacket and wearing sunglasses. Defendants Barbagallo and Paldino, who received the radio call in their unmarked car, picked plaintiff up a few blocks from the store within minutes of the robbery. *Plaintiff fit the description in every detail.* Based on Mrs. Pulas' identification, both (a) of plaintiff as the robber before the Grand Jury, and (b) of the currency that was taken from plaintiff at the police station, and which bore a "W" in the corner, plaintiff was indicted. His first trial ended in a "hung jury"; he was acquitted after the second trial. In this action to recover damages for malicious prosecution, plaintiff maintains that appellant Barbagallo was motivated to proceed against him out of sheer malice, evidenced, for example, by Barbagallo's disregard of plaintiff's protestations that he was elsewhere in Mount Vernon at the time the robbery *was committed,* and that had Barbagallo made a *proper* investigation, he would have found he had the wrong man. Plaintiff implies that Barbagallo also acted out of malice on the basis of plaintiff's race and status as an ex-convict. The verdict was in favor of defendants Pulas and Paldino

and against the defendants Barbagallo and the City of Mount Vernon. In order to succeed in an action for malicious prosecution, a plaintiff must establish: (1) that the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice *(Broughton v State of New York,* 37 NY2d 451, 457). In the present case, the first two elements are conceded. On the question of whether there was probable cause, plaintiff concedes that there is prima facie evidence of the fact evidenced by the preliminary hearing (see CPL 180.60) and by the indictment. Plaintiff was required, therefore, to rebut the presumption raised by the existence of the indictment, i.e., that Officer Barbagallo, the arresting officer, had reasonable cause to believe the accused was guilty of the crime charged, by showing "fraud, perjury or suppression of evidence by the arresting officer" *(Langley v City of New York,* 40 AD2d 844, 845; accord *Hopkinson v Lehigh Val. R. R. Co.,* 249 NY 296). In our view, the evidence plaintiff presented is insufficient to rebut the presumption as a matter of law. The evidence does not negative the existence of the presumed fact, to wit, the existence of probable cause. Plaintiff's position is that Barbagallo failed to conduct an adequate investigation, by which plaintiff implies that Barbagallo suppressed evidence. Plaintiff also implies that the currency was marked by Barbagallo after it was taken from the defendant and before it was shown to Mrs. Pulas, in order to simulate the marked bills Mrs. Pulas turned over to the robber. Plaintiff does not, however, overcome the fact that Mrs. Pulas identified plaintiff as the robber at the preliminary hearing and before the Grand Jury (at neither of which Barbagallo testified) and that she also identified the bills as bearing her mark. In light of this dual identification, it is unreasonable to infer anything other than the existence of probable cause. Plaintiff showed nothing to indicate that Barbagallo persuaded or influenced Mrs. Pulas in her identification of the plaintiff. Plaintiff's implication that Barbagallo marked the bills fails for Barbagallo would have to have known what the mark looked like *and* that Mrs. Pulas would identify any bills marked by Barbagallo as having been marked by her. It is irrational to infer that Mrs. Pulas identified a mark (on several bills) as hers that she had not put there or that Barbagallo knew that she would so identify bills marked in that way if he took the chance and marked them himself. Barbagallo's failure to make a more thorough investigation of plaintiff's claims of innocence at the time of his arrest (his alibi witnesses were later interviewed by Barbagallo when the District Attorney presented Barbagallo with the list of their names), shows a closed mindedness and even possibly negligent police procedure. This closed mindedness and/or negligence does not translate, however, into an inference of suppression of evidence. Rather, reviewing what was known to Barbagallo, we know that within a few minutes of a robbery, he saw a man answering the robber's description *in every detail* walking along the street within a few blocks of the crime. When Barbagallo brought the man back to the scene of the crime, the victim identified him as the robber. If further evidence were needed to show the irrationality of any inference other than that probable cause existed and that Barbagallo did not promote its existence by fraudulent means or schemes, the jury's finding in favor of Mrs. Pulas provides it. If we were not dismissing the complaint, we would, in any event, have set aside the verdict against the city and Barbagallo as being contrary to the weight of the evidence. Hopkins, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.