VINCENT B. BROWN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants.

First Department, February 24, 1983

APPEARANCES OF COUNSEL

*Richard P. Swanson* of counsel (*Daniel S. Flynn* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

*Bernard Meyerson* of counsel (*Benjamin Rubenstein, P. C.,* attorney), for respondent.

OPINION OF THE COURT

FEIN, J.

This is an action for false arrest and malicious prosecution of plaintiff, who was charged with endangering the welfare of a child, unlawfully dealing with a child, criminal facilitation and sexual abuse.

On January 16, 1978 police picked up a female child in the Times Square area loitering for prostitution. She identified herself as a 15-year-old runaway from Pennsylvania who had the previous day been picked up by three men in an automobile, driven around the area, and then taken against her will to a local hotel. Here one of the men departed the scene while the other two took her to a room where one of them ("Matt") forced her at knifepoint to undress and have sexual intercourse with him while the

other ("Jimmy") waited outside the door. They later introduced her to the manager of a local massage parlor where she was to "turn tricks", giving the manager $5 per trick and turning the rest over to Matt. After turning two tricks in accordance with these instructions, she was taken back to the hotel by Matt where he again forcibly engaged in sexual intercourse with her.

Police confirmed with her family that the victim was a runaway, and her sexual activity of the previous day was medically verified. Matt, who the victim says had been standing nearby at the time the police picked her up, could not later be located. The massage parlor manager was identified by the victim, arrested and charged with promoting prostitution and endangering the welfare of a child. After a search of the area, plaintiff, wearing a lot of flashy jewelry, was located in a bar described as a haven for prostitutes and pimps, and was identified by the victim as "Jimmy", one of the three men who had picked her up, taken her to the hotel and forced her to engage in prostitution. She reaffirmed her identification for the police on the street outside the bar.

Plaintiff was arrested, charged with rape, promoting prostitution and endangering the welfare of a child, booked and detained overnight at the precinct and arraigned on the evening of January 17, 1978. Bail was set at $1,000 and the case was adjourned until January 20 when it was again adjourned to January 23. On that date plaintiff was released on his own recognizance. After one further adjournment, the case was dismissed for failure to prosecute when the victim, who had returned to her parents' home in Pennsylvania, failed to appear.

In this action which ensued, the jury returned a unanimous verdict for defendants on the cause of action for false arrest, and a 5 to 1 verdict for plaintiff on the cause of action for malicious prosecution, with an award of $35,000. Defendant City of New York appeals on the grounds that the verdict on the malicious prosecution count is both irrational and inconsistent with the verdict on the false arrest count.

Inasmuch as the elements of false arrest and malicious prosecution differ from each other (see *Broughton v State of*

*New York,* 37 NY2d 451, 456, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929), the verdict for defendants on the former and plaintiff on the latter are not necessarily inconsistent. However, on this record the verdict for plaintiff on the malicious prosecution count was clearly irrational.

The elements of a cause of action for malicious prosecution that a plaintiff must prove are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) malice (*Broughton v State of New York, supra*). The first two elements were conceded by the city.

With respect to probable cause, the jury's finding in favor of the city on the cause of action for false imprisonment is conclusive that the police had probable cause to make the arrest. Moreover, on this record the issue of probable cause to make the arrest was not properly a jury issue. Since the evidence concerning the facts leading up to the arrest was undisputed and was sufficient to show that the plaintiff had committed a crime, the issue was for the court. Probable cause to make the arrest was plainly established (*Veras v Truth Verification Corp.,* 87 AD2d 381, affd 57 NY2d 947).

Malice may be inferred from the lack of probable cause (*Halsey v New York Soc. for Suppression of Vice,* 234 NY 1). However, since probable cause for the arrest was established as a matter of law and the jury found for defendants on the false arrest charge, plaintiff could recover only if he could prove that probable cause to prosecute him was dissipated between the time of the arrest and his arraignment, a period of less than 24 hours, and was no longer existent at that time, and that there was malice (*Oakley v City of Rochester,* 71 AD2d 15, affd 51 NY2d 908; *Lee v City of Mount Vernon,* 68 AD2d 902, affd 49 NY2d 1041).

In *Oakley (supra)* the trial court set aside the jury verdict for the plaintiff on malicious prosecution as inconsistent with its verdict for the defendant on false arrest. In affirming, the Fourth Department stated (71 AD2d, at pp 18-19):

"Consequently, it is *conceivable* that probable cause would be present at the time of arrest, while later, some fact could surface which would eliminate that probable cause. If probable cause were no longer present at the time of arraignment or indictment, malicious prosecution might then lie.

"The jury's verdict for plaintiff on malicious prosecution and its finding of probable cause for the arrest are not necessarily inconsistent. In setting aside the verdict as inconsistent, however, the trial court indicated that it did so in reliance upon the evidence. The record reveals no proof which would go to malicious prosecution other than that which related to the arrest. The jury found that the officers had probable cause to arrest plaintiff for assault, resisting arrest and harassment. There was no evidence adduced at trial of facts which might have later come to light to cast *doubt* upon the existence of probable cause. Further, there was no evidence adduced of fraud, perjury, or the misrepresentation or falsification of evidence to rebut the *presumption* of probable cause which flows from *arraignment*". (Emphasis added; see *Broughton v State of New York, supra.*)

Our case is no different. Plaintiff attempts to meet the burden of showing lack of probable cause by pointing to the fact that he asserted an alibi at the time of his arrest, and that defendants took inadequate steps to investigate the alibi. But the mere assertion of an alibi, and even the failure to investigate such an alibi to plaintiff's satisfaction, does not overcome the existence of probable cause to prosecute (see *Lee v City of Mount Vernon,* 68 AD2d 902, 903, affd 49 NY2d 1041, *supra*). In general terms, probable cause does not require a "certitude" that a crime has been committed by the suspect (*People v Cunningham,* 71 AD2d 559, affd 52 NY2d 927). Rather, a malicious prosecution connotes a decision to proceed maliciously with the prosecution of an individual where probable cause is clearly lacking. Such was not the case here. Virtually every other aspect of the teen-aged victim's story was verified, and even led to the arrest of the massage parlor manager. There was every reason to believe that the victim's several

identifications of plaintiff, in various settings, was genuine.

Moreover, there was no real evidence which could provide a basis for further investigation by the police. Plaintiff's alibi was that he had been drinking at a Westchester bar on the night of the alleged incident. On the trial of this action no evidence was introduced to corroborate that alibi. Plaintiff called a White Plains police officer who was plaintiff's friend, and sought to obtain testimony from him that he had seen plaintiff at that bar at the time in question. The officer testified that he had no such recollection. The only other testimony with regard to the alibi was that of plaintiff, which was far from conclusive.

Plaintiff testified that he had been watching television at the bar, and that the "big football game [the Super Bowl] was coming on." The fact that the late afternoon telecast of the Super Bowl was just "coming on" while plaintiff was at the bar is a long way from establishing an alibi for plaintiff's whereabouts later that night. This is far from the evidence necessary to establish lack of probable cause for the arraignment essential as a matter of law. When this flimsy alibi is compared with the victim's positive identification of plaintiff as one of her captors on the night in question, it is patent that there was probable cause to proceed with prosecution. The failure of plaintiff in this case to prove that he had an alibi, which would have exonerated him but for the failure of the police to investigate, required dismissal as a matter of law (*Feinberg v Saks & Co.*, 56 NY2d 206).

Although the alleged failure of the police to investigate the alibi and the background of the plaintiff within the 24 hours between the arrest and the arraignment may have violated police regulations, this did not provide the degree of proof required to overcome the presumption of probable cause afforded by the arraignment and the jury's finding that there was probable cause for the arrest. Plaintiff failed to establish that an investigation would have dissipated the original probable cause for the arrest. The same standard applicable to reasonable cause for an arrest should remain until the time of arraignment (see CPL 70.10, subd 2). Even if the police investigation of Brown's

alleged alibi raised a question as to whether he was elsewhere at the time of the alleged offense, there was a reasonable basis for arrest and prosecution in view of the victim's positive identification of plaintiff as guilty of the offense. The probable cause would not have been dissipated either as a matter of law or fact. At best for plaintiff, the alibi testimony that he was elsewhere at the time of the offense would have provided a jury issue on the trial of the criminal charges against him. It cannot be said that such evidence would dissipate probable cause for the arraignment. Like all such alibi testimony, the question would be one of credibility. In the absence of proof by plaintiff upon this trial that he had an alibi which would have exonerated him, there was no proof tending to dissipate the probable cause for the arrest found by the jury.

It is patent that there was probable cause to proceed with prosecution. Plainly there was no proof that, between the time of detention and the time of arraignment, defendants had or should have had evidence of some intervening facts exonerating plaintiff, as required (*Feinberg v Saks & Co., supra,* 56 NY2d, at p 211). Without such proof, the presumption of probable cause afforded by the arraignment and the jury's finding of probable cause for the arrest precluded a verdict for plaintiff for malicious prosecution as a matter of law. The verdict should have been set aside as irrational, and the complaint dismissed as a matter of law.

Accordingly, the judgment, Supreme Court, New York County (SMYK, J.), entered after a jury trial on November 13, 1981, should be reversed on the law and the complaint dismissed without costs.

SULLIVAN, J. P., SILVERMAN, BLOOM and ALEXANDER, JJ., concur.

Judgment, Supreme Court, New York County, entered on November 13, 1981, unanimously reversed, on the law, the judgment vacated, and the complaint dismissed, without costs and without disbursements.