Christian v City of New York (2022 NY Slip Op 06864)

Christian v City of New York

2022 NY Slip Op 06864

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 28052/17E Appeal No. 16774 Case No. 2021-04310 

[*1]Shawaan Christian, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 21, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly dismissed plaintiff's claims for false arrest and false imprisonment because defendants had probable cause for the arrest based on the complainant's identification of plaintiff, which the arresting officer found to be credible and is "presumed reliable" (Medina v City of New York, 102 AD3d 101, 104 [1st Dept 2012]). The shelter logbook showing that plaintiff was signed in during the time of the robbery does not create "materially impeaching circumstances" sufficient to undermine the probable cause established by the otherwise reliable in-person identification, particularly in light of the statements of a shelter employee that residents could leave without signing the logbook (id.). Plaintiff's "mere assertion of an alibi, and even the failure to investigate such alibi to plaintiff's satisfaction, does not overcome the existence of probable cause" (Brown v City of New York, 92 AD2d 15, 18 [1st Dept 1983], affd 60 NY2d 893 [1983]).
The court also properly granted summary judgment dismissing the malicious prosecution claim because plaintiff failed to raise any intervening fact that would have caused the probable cause to "dissipate[] between the arrest and commencement of criminal proceedings" (Goetz v City of New York, 177 AD3d 414, 415 [1st Dept 2019]). The fact that plaintiff was acquitted after the complainant was unable to identify him as the perpetrator at trial does not negate the existence of probable cause (see Jenkins v City of New York, 2 AD3d 291, 292 [1st Dept 2003]). Plaintiff also cites no evidence suggesting that "the proceeding was brought out of actual malice" (Cantalino v Danner, 96 NY2d 391, 394 [2001]).
Finally, plaintiff's claims for assault, battery, and excessive force were properly dismissed because "they were based on the act of handcuffing plaintiff during a lawful arrest and were unsupported by any evidence of injury" (Ortiz v City of New York, 199 AD3d 422, 422 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022