**Burns v City of New York**

2025 NY Slip Op 32265(U)

June 25, 2025

Supreme Court, New York County

Docket Number: Index No. 150807/2018

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARIEL D. CHESLER** | **PART** | **62M** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

DAQUAN BURNS,

Plaintiff,

- v -

THE CITY OF NEW YORK, and DETECTIVES JOHN DOES
1 and 2, in their individual and official capacities as Police
Officers employed by the City of New York,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150807/2018 |
| **MOTION DATE** | 04/22/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF docume number (Motion 002) 11, 13, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64

were read on this moon to/for                                JUDGMENT - SUMMARY                              .

Upon the foregoing documents, it is

In this tort action brought by plaintiff Daquan Burns in connection with an arrest that

occurred on October 30, 2016, defendant City of New York ("defendant"), by notice of motion,

moves for an order: (i) pursuant to CPLR §§ 3211(a)(7) and 3212, dismissing plaintiff's claims

brought pursuant to 42 USC § 1983 as insufficiently plead as he fails to name any individual

officers in the Summons and Complaint; (ii) pursuant to CPLR §§ 3211(a)(7), 3215(c), 1024, and

206(b), dismissing plaintiff's Complaint in its entirety as against "Detectives John Does 1 and 2,

in their individual and official capacities as police officers employed by the City of New York";

(iii) pursuant to CPLR §§ 3211 and 3212, granting defendants summary judgment and dismissing

plaintiff's state law and federal law claims of false arrest and false imprisonment; (iv) pursuant to

CPLR §§ 3211(a)(7) and 3212, dismissing plaintiff's First and Second Causes of Action for claims

of malicious prosecution; and (v) pursuant to CPLR §§ 3126 and 3124, dismissing plaintiff's

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**                                         **Page 1 of 16**
**Motion No.  002**

complaint for failure to provide a CPL § 160.50 unsealing authorization enabling defendant to obtain the criminal records related to plaintiff's prosecution pursuant to this Court's orders.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an arrest that occurred on October 30, 2016, on which date plaintiff was placed under arrest for allegedly attacking two women, and, subsequent to a search after arrest, for the possession of marijuana. Plaintiff alleges that the cause of action on which the litigation is based accrued on January 30, 2018, the date that plaintiff's charges for Violation of Penal Law Section 120.05 (Hate Crime Assault to Injure); and Penal Law Section 110-120.10 (Attempted Hate Crime/Assault to Injure Person) were dismissed. Although plaintiff was charged with and convicted for a violation of Penal Law Section 221.05 (Unlawful Possession of Marihuana), this conviction was later expunged and sealed pursuant to CPL 160.50.[1]

In his January 26, 2018, Complaint, plaintiff alleges that defendants maliciously prosecuted him with "willful and wonton indifference" and "with deliberate disregard for [his] statutory and constitutional rights" (NYSCEF Doc. No. 36, ¶ 20). As a result, he alleges that he suffered extensive physical and mental injuries, some of which still affect him today (*id*. at ¶ 21). Defendant joined issue on or about March 3, 2018 (NYSCEF Doc. No. 37). Defendant conducted a General Municipal Law § 50-h hearing ("50-h hearing") on April 24, 2017, and plaintiff and defendant's examination before trial ("EBT") took place on October 24, 2023, and November 28, 2023, respectively (NYSCEF Doc. Nos. 39, 44, 45).

In his Bill of Particulars, plaintiff alleges that he was wrongfully arrested for "attempted assault to injure with a weapon, as a hate crime" and "unlawful possession of marihuana"

---

[1] Penal Law Section 221.05 was repealed and replaced by Penal Law Section 222.05 on March 31, 2021.

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 2 of 16**

(NYSCEF Doc. No. 38, ¶ 18). Plaintiff further contends that on the night in question he was in fact the true victim of assault and battery (*id*.). Plaintiff also alleges that defendants had constructive notice of exculpatory evidence that proved he was in fact the victim, and instead prosecuted him for a hate crime he did not commit (*id.*).

At the 50-h hearing, plaintiff testified that the incident occurred at or near the intersection of 44th Street and Broadway after leaving a party at the W Hotel around 4:30 a.m. (NYSCEF Doc. No. 39, pg. 10, line 19-23). He further testified that, at the time, he, Michael Baily and two women from the party were walking to the train station (*id*. at pg. 11, lines 1-7; pg. 12, lines 10-16)[2]. As the group walked to the subway an argument broke out between the women, and after which one of the women hit him with a bottle (*id*. at pg. 15, lines 3-9).[3] Plaintiff testified that he attempted to leave the scene of the altercation after he was hit and injured by the bottle but was apprehended by the police shortly after (*id*. at pg. 17, lines 7-8; pg. 18, lines 17-18). According to plaintiff's testimony, when the police apprehended him, they searched him and found marihuana in his pocket (*id.* at pg. 30–31). Plaintiff testified that it was his understanding that the women told the police that "[he] and [his] friend were both throwing glass bottles and yelling homophobic slurs at [them] in Times Square" (*id*. at pg. 44, lines 8-12). Plaintiff testified that he was arraigned for charges relating to assault and hate crimes, and the possession of marijuana (*id.* at pg. 29, lines 21-23; *id.*

---

[2]     The Court notes that in plaintiff's EBT, he testified that that after the party, he was heading to the car he had driven to get there, and not to the subway as he testified in the 50-h hearing (NYSCEF Doc. No. 44, pg. 23, lines 4-6).

[3]     The Court notes that there is inconsistent testimony regarding the number of women in the party. According to his 50-h hearing transcript, although plaintiff was walking with two women at the time, a third girl came over and asked him why he was talking to her girlfriend, after which the argument ensued. (NYSCEF Doc. No. 39, pg. 15, lines 3-9). However, in plaintiff's EBT he fails to mention a third female but instead states that one of the two women he was walking with "started bugging" and that it was a surprise when she hit him across the face with a bottle (NYSCEF Doc. No. 44 pg. 23, line10-22).

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
  **Motion No.  002**

**Page 3 of 16**

[* 3]

at pg. 39, lines 13-21). He further testified that, after his arraignment, he was held at the "Manhattan tombs," or the Manhattan Detention Complex, for five days before his release on November 3, 2016 (*id*. at pg. 32, lines 3-12). He noted that his initial appearance date of November 4, 2016, was adjourned until January 30, 2017 (*id*. at lines 16-23). Plaintiff did not explain the reason for the adjournment. Between the adjournment and the next appearance, plaintiff was deemed to have violated his parole and was sent to Rikers Island (NYSCEF Doc. No. 44., pg. 33, lines 2-14). On January 30, 2017, the New York Criminal Court dismissed the charges related to the assault and alleged hate crimes (NYSCEF Doc. No. 39, pg. 33, lines 6-14). Plaintiff testified that the charges were ultimately dismissed on January 30, 2017, because video evidence proved he did not commit the crimes in question (*id*.).[4]

According to the EBT of Sergeant Peter Cybulski, a video showing the events of the incident was procured "a day or two" after the arrest (NYSCEF Doc. 45, pg. 24, lines 2-3). Sergeant Cybulski further testified that he had five to ten meetings with the assistant district attorney in preparation for trial, during which he reviewed all relevant videos with the district attorney (*id*. at pg. 26, lines 7-25). Sergeant Cybulski further testified that the first of those meetings occurred "a few days after the arrest" (*id*.). Finally, he noted that somewhere between "a couple of days or a week or so" after the arrest, he learned that the district attorney was not going to prosecute plaintiff for the assault and hate crime charges (*id*. at pg. 28, lines 18-24).

---

[4]     Except otherwise notated, the testimony of the 50-h transcript and plaintiff's EBT were consistent with respect to the details of the incident.

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 4 of 16**

## DISCUSSION

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact…failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers..." (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once the moving party establishes its prima facie entitlement, in order to defeat the motion the opposing party must "'assemble, lay bare, and reveal his [or her] proofs in order to show his [or her] defenses are real and capable of being established on trial . . . and it is insufficient to merely set forth averments of factual or legal conclusions'" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014], quoting *Schiraldi v U.S. Min. Prods.*, 194 AD2d 482, 483 [1st Dept 1993]). If there is any doubt as to the existence of a triable fact, the court must deny the motion for summary judgment (*Genesis Merchant Partners, L.P. v Gilbride, Tusa, Last & Spellane, LLC*, 157 AD3d 479, 482 [1st Dept 2018]).

Pursuant to CPLR § 3211(a)(7), "[a] party may move for judgment dismissing one or more causes of action against him on the ground that . . . the pleading fails to state a cause of action." When it considers a motion to dismiss for failure to state a cause of action, the court accepts the facts in the complaint as true, gives plaintiff the benefit of every possible favorable inference, and determines only whether the facts as alleged fit within any cognizable legal theory (*Connaughton v Chipotle Mexican Grill Inc.*, 26 NY3d 137, 141 [2017]). The court may "freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). When such affidavits are submitted, the court considers whether the plaintiff has a cause of action, not whether he has simply stated one (*id.*).

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**                    **Page 5 of 16**
**Motion No.  002**

5 of 16

### Federal Law Claims under 42 USC 1983

Defendant argues that plaintiff appears to bring a claim against it for malicious prosecution under 42 USC § 1983, under a theory of *respondeat superior*. Defendant argues that the City is not a proper defendant in a Section 1983 claim and that plaintiff's cause of action must be dismissed on this basis. Further, it notes that personal involvement in alleged constitutional deprivations by a named defendant is a prerequisite to an award of damages under Section 1983 (*see McKinnon v Patterson*, 568 F.2d 930 [2nd Cir. 1977]; *Preziosos v County of Niagara*, 213 AD3d 1302, 1305 [4th Dept 2023]). In opposition to the motion, plaintiff asserts that "[t]here is no Monell claim alleged in the complaint [against the City]" and, accordingly, that there is no 42 USC § 1983 claim to dismiss (NYSCEF Doc. No. 51, pg. 3, ¶ 13).

Accordingly, the Court denies the portion of the motion seeking a dismissal of claims brought pursuant to 42 USC § 1983.

### Claims against Defendants John Does 1 and 2

That portion of the motion seeking to dismiss plaintiff's Complaint in its entirety as against defendants Detectives John Does 1 and 2 is granted on consent.

### False Imprisonment and False Arrest Claims

Defendant argues that to the extent that plaintiff pleads a false arrest and false imprisonment claim it should be dismissed as plaintiff's arrest was based on the complaints of the complaining victim and as plaintiff pled guilty to the later expunged marihuana charge. Plaintiff argues that "there is no cause of action alleged for false arrest in the complaint" (*see* NYSCEF Doc. No. 32, pg. 8, ¶29).

Accordingly, the Court denies the portion of the motion seeking a dismissal of claims for false arrest and false imprisonment.

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**                                    **Page 6 of 16**
 **Motion No.  002**

6 of 16

[* 6]

**Malicious Prosecution**

According to the landmark case *Burt v Smith*, 19 Bedell 1, 5 [1905], "[a] malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure." To that end, in order to prevail on a claim for malicious prosecution, a claimant must show (i) the commencement or continuation of a criminal proceeding by defendant against plaintiff; (ii) the termination of the proceeding in favor of the accused; (iii) the absence of probable cause for the criminal proceeding; and (iv) actual malice (*De Lourdes v Jones*, 26 NY3d 742, 760 [2016]). To prevail on a motion for summary judgment in a malicious prosecution case, a defendant must establish a defense to plaintiff's claims as a matter of law. (*id.* at 762-763; *Roberts v City of New York*, 171 AD3d 139, 146 [1st Dept 2019], *affd* 34 NY3d 991 [2019]).

In the prong of its motion that seeks dismissal of plaintiff's malicious prosecution claim, defendant argues that plaintiff has not shown each of the essential elements to a claim for malicious prosecution. Here, defendant argues that plaintiff cannot establish a favorable termination, the second required element, because he pled guilty to the unlawful possession of marihuana charge. Defendant further, argues that, based on the information available to the officers at the time, such as the alleged victims' complaints and the marihuana recovered on plaintiff's person at the time of the arrest, there was probable cause for the arrest present, and therefore plaintiff cannot satisfy the third required element. As to the fourth required element, defendant argues that even if the officers had no probable cause, nothing in the record establishes that defendants acted with malice or that defendants commenced the criminal proceedings with a wrong or improper motive. Finally, to the extent that plaintiff is pursuing a federal cause of action for malicious prosecution, defendant argues that plaintiff has not shown a deprivation of liberty, an additional element in the federal version of the claim.

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 7 of 16**

7 of 16

In opposition, plaintiff argues that the eventual dismissal of the hate crime charges constitutes a favorable result. To the extent that defendants argue that the guilty plea to the marihuana charge negates the favorable result element of malicious prosecution, plaintiff argues that the later expungement of that conviction by the Marihuana Regulation and Taxation Act (L 2021, ch. 92) renders any probable cause from that specific portion of the arrest, including any negative connotation from the guilty plea a nullity. As such, plaintiff argues that this Court should not consider it in these proceedings. Plaintiff also argues that even if there initially was probable cause for the hate crime and assault charge, after the arraignment it no longer existed because of evidence uncovered by the NYPD. Along the same lines, plaintiff argues that the absence of probable cause relates to the element of actual malice, and that the continuation of prosecution in this case, despite the exculpatory evidence and the district attorney's intention not to prosecute shows that the proceedings were not initiated for a proper purpose. Finally, plaintiff argues that keeping the charges open between the adjourned appearance on November 4, 2016 and January 30, 2017 should be deemed as malice.[5]

In reply, defendant argues that probable cause existed based on both the statements of the complaining victims and plaintiff's guilty plea for the possession of marihuana, and that, as such, the claim for malicious prosecution fails. Along these lines, it posits that there is no evidence in the record that probable cause dissipated prior to plaintiff's arraignment. To the extent that this Court may conclude that the probable cause had dissipated, at least as it relates to the hate crime charges, defendant argues that the District Attorney had the sole discretion to decide whether to prosecute, and that, as the District Attorney is out of defendant's control, defendant is not liable

---

[5]     Although plaintiff argues extensively that he has satisfied the first element of a malicious prosecution claim with evidence that defendant continued prosecution of the hate crime charges, defendant has not disputed this in its papers.

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**                                              **Page 8 of 16**
 **Motion No.  002**

for this decision. Next, defendant argues that the dismissal of the hate crime charges is not a "favorable termination" of the criminal prosecution. It argues that "a termination is not favorable to the accused . . . if the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused" (*Smith-Hunter v Harvey*, 95 NY2d 191,196 [2000]), and further that "if the charge is withdrawn or dismissed out of mercy requested or accepted by the accused, there is no favorable termination" (*id.* at 197). Moreover, defendant argues that plaintiff's guilty plea to the expunged marihuana charge provides evidence of probable cause and a lack of favorable result. Finally, defendant argues that although plaintiff has made conclusory allegations as to actual malice, he has not produced any evidence of malice in support of these statements.

The Court concludes that here, defendant has proven its prima facie entitlement to summary judgment pursuant to CPLR § 3212 in its favor on the malicious prosecution claim because it has shown that there was probable cause for the arrest, and because there was no evidence of actual malice present. "Once a prima facie showing for dismissal has been made, the burden shifts to the party opposing the motion to raise a material issue of fact" (*Roberts*, 171 AD3d at 146). Accordingly, the Court evaluates each of the claims made by plaintiff in opposition of his motion, separated by factor, as follows:

### A) Termination in his Favor

For the purpose of a malicious prosecution claim, it is well settled that "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused" (*Cantalino v Danner*, 96 NY2d 391, 395 [2001]; *see Smith*-Hunter, 96 NY2d at 199). Plaintiff successfully argues that the hate crime charges were terminated in his favor. Although defendant has made a claim that the termination of the hate crime

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 9 of 16**

9 of 16

charges should not constitutes a termination in favor of the accused, implying that the charge was withdrawn pursuant to a compromise or out of mercy, there is nothing in the record to support such claims. In fact, the only evidence submitted to the court about the dismissal of plaintiff's hate crime charges comes from his certificate of disposition (NYSCEF Doc. No. 47). There, the only information present notes that the disposition for the hate crime as "dismissed" (*id.*). Moreover, there is nothing in the record to show that the dismissal was a result of anything but the investigation that proved plaintiff's innocence on these charges.

Although defendant argues that the possession of marihuana charge should negate the "termination in his favor" factor of malicious prosecution, even if the hate crime charge was dismissed, the Court finds this argument unavailing and agrees with plaintiff's position regarding the statutory implication of the expunged charge. Pursuant to CPL § 160.50, ". . . a criminal action or proceeding against a person shall be considered terminated in favor of such person where. . . (k)(iii) the conviction is for an offense defined in former section 221.05 [of the Penal Code] . . ." As the marijuana charge originated from section 221.05 of the Penal Code, its expungement constitutes a termination in favor of plaintiff (*see* CPL § 160.50).

Accordingly, this Court finds that, for the purposes of this motion, plaintiff successfully shows that there was a termination of criminal prosecution in his favor.

**B) Probable Cause**

"Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of" (*Burt*, 19 Bedell at 5). Further, "probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*De Lourdes Torres*, 26 NY3d at 759, quoting *Colon v City of New York*, 60 NY2d 78, 82

150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK
Motion No. 002

Page 10 of 16

[1983]). In an action for malicious prosecution, the existence of probable cause acts as an absolute protection for the defendant (*id.* at 6). However, "where there is conflicting evidence concerning the existence of probable cause to arrest the plaintiff, from which reasonable persons might draw different inferences, the question is one for the jury" (*Parkin v Cornell Univ.*, 78 NY2d 523, 529 [1991]; *see Mendez v City of N.Y.*, 137 AD3d 468, 470 [1st Dept 2016)]).

Here, defendant argues that, as the complaining victims at the time identified plaintiff and his friend as the aggressors of the altercation, there was probable cause for the plaintiff's arrest. Moreover, it argues that even without the hate crime charges, that the then-illegal possession of marihuana, which was discovered in the search subsequent to arrest, would provide additional probable cause.

The Court notes that in his papers, plaintiff does not dispute that there may have been probable cause at the time of the initial arrest, although he does state that he protested his innocence upon his arrest. Instead, he argues that (i) because of the expungement of the arrest and conviction for possession of marihuana, the court must not consider whether there was probable cause for that basis for plaintiff's arrest; and (ii) any probable cause the prosecutor may have had on the hate crime charges dissipated after he or she was presented with investigative evidence that plaintiff did not commit the crime in question.

Although plaintiff argues that at the time of his arrest, he asserted he was innocent, this Court finds this argument unavailing. "If the apparent facts are such 'that a discrete and prudent person would be led to believe that a crime has been committed by the person charged, he will be justified, although it turns out that he was deceived and the party accused was innocent'" (*Munoz v. City of N.Y.*, 18 NY2d 6, 10 [1966], quoting *Carl v Ayers* 53 NY 14, 17 [1873]). Moreover, plaintiff failed to provide any evidence that showed that the officers found the statements by the

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 11 of 16**

complaining victims to be incredible or unreliable (contrast with *Christian v City of N.Y.*, 211 AD3d 402,402 [1st Dept 2022] [finding that defendants had probable cause for arrest based on complainant's identification of the plaintiff, which the arrest officer found to be credible and reliable]). When an alibi or statement of innocence is compared with a victim's positive identification of a plaintiff, it is "patent that there [is] probable cause to proceed with prosecution" (*Brown v City of N.Y.*, 92 AD2d 15, 19 [1st Dept 1983], *aff'd* 60 NY2d 893 [1983]). This is regardless of any allegations that defendant may have taken inadequate steps to investigate any alibi or statement of innocence at the time of arrest (*id.* at 18, wherein plaintiff's claims of innocence at the time of arrest, and his assertions that the police did not adequately investigate his alibi, did not overcome the existence of probable cause to prosecute]).

Moreover, the evidence submitted as exhibits to this motion establish that the video and Facebook evidence proving that plaintiff was not the perpetrator of a hate crime was not discovered until after plaintiff had been arraigned. The record is clear that plaintiff's arrest happened on October 30, 2016 (NYSCEF Doc. No. 57) and that his arraignment occurred the next day (*id.*). The evidence exonerating plaintiff from the hate crime charges was not discovered, at earliest, until "a day or two after the incident" (NYSCEF Doc. No. 56., pg. 24, lines 2-3; pg. 26, lines 3-4), and such evidence wasn't submitted to the prosecutor until "a few days after the arrest" (*id.* at lines 14-17). Although plaintiff argues that probable cause did not exist for the continued prosecution of the hate crime charges what this exonerative evidence was discovered, this does not negate the valid probable cause that was present at the time of arraignment. Without proof of evidence of some intervening facts exonerating plaintiff between the time of detention and the time of arraignment, plaintiff is unable to prove that there was no probable cause to proceed with the prosecution (*Brown*, 92 AD2d at 20; *Feinberg v Saks & Co.*, 56 NY2d 206, 211 [1982]). The

150807/2018   **BURNS, DAQUAN vs. CITY OF NEW YORK**
Motion No.  002

**Page 12 of 16**

subsequent dismissal of these charges does not amount to any admission that probable cause was lacking (*Colon*, 60 NY2d at 84).

The Court is equally unpersuaded by plaintiff's contention that Penal Law § 222.05 is retroactive and that, as a result, any probable cause for arrest stemming from the discovery of marihuana on the date of the incident is invalid. The Marihuana Regulation and Tax Act ("MRTA") added article 222 to the Penal Code and effectively legalized the possession of marihuana under certain circumstances, and provides that in a criminal proceeding, no finding or determination of reasonable cause to believe a crime has been committed shall be solely based on the possession of or suspicion of possession of cannabis, so long as it meets the authorized amounts in the statute (*see* L 2021, ch. 92). However, the retroactive application of statutes is not favored by the courts unless the language within expressly, or impliedly, requires it (*see People v Pastrana*, 41 NY3d 23, 29 [2023], *cert denied sub nom Pastrana v New York*, 144 S Ct 1066 [2024]). The MRTA does not support the argument that this law retroactively renders a search of a vehicle unlawful when probable cause at the time was based on the odor of marihuana, even though this can no longer be the sole basis for probable cause for a search (*id.*; *see People v Boyd*, 206 AD3d 1350, 1354 [3rd Dept 2023]; *see People v Vaughn*, 2023 AD3d 1729, 1730 [4th Dept 2022]). Similarly, there is nothing in the text or legislative history that would support the conclusion that the legislature intended for § 222.05 to apply retroactively to invalidate any other kind of search, and the probable cause discovered as a basis for arrest, that was conducted before the effective date of the statute (*see Pastrana*, 41 NY3d at 29-30). Moreover, when plaintiff filed the Complaint in this case, the MRTA had not yet been passed, and plaintiff has not previously contended that there was no probable cause gained from the discovery of marihuana on his person at the time of arrest.

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 13 of 16**

Accordingly, this Court finds that plaintiff has failed to raise an issue of material fact as to whether defendant has probable cause for his arrest. As probable cause is a required factor for malicious prosecution, this Court finds that defendant is entitled to summary judgment on the malicious prosecution claim.

### C) Actual Malice

Even if defendant had not prevailed on its motion for summary judgment on the issue of probable cause alone, the Court would have found that summary judgment was warranted because plaintiff has not shown malice.

In order to prevail on an action for malicious prosecution, a party must demonstrate the existence of actual malice (*Dombrowski v Bulson,* 19 NY3d 347, 351 [2012]). However, the actual malice element of malicious prosecution does not require a plaintiff to prove that the defendant was motivated by spite or hatred, although it will of course be satisfied by such proof. Rather, it means that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served (*Nardelli v Stamberg*, 44 NY2d 500, 502-503 [1978]).

Plaintiff's offhanded remark that "malice may also have been involved [at the time of his arrest] since he was a prior convicted felon and an African American" is unavailing based on the facts present in the record (*see De Lourdes Torres v. Jones*, 26 NY 742, 771 [2016][stating " a plaintiff's vague and conclusory assertions . . . are insufficient to enable false arrest and malicious prosecution claims to survive a summary judgment motion"]). Moreover, conclusory statements that something "may" have been malice, are mere speculation and cannot be proffered weight without supporting evidence to back them up (*see Roberts*, 171 AD3d at 151). Further, although a plaintiff may show malice and overcome the presumption of probable cause with evidence that

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 14 of 16**

defendant withheld evidence or acted in bad faith, the record here does not show that such actions were taken (*De Lourdes Torres*, 26 NY3d at 762). To this point, the record is clear that the police immediately began investigating the incident and presented exonerating evidence to the District Attorney the moment it was discovered and confirmed.

Moreover, this Court rejects plaintiff's claims that actual malice was present due to the delay in proceedings. Even if the marihuana charges were expunged, this Court cannot ignore that there was still one pending charge against the plaintiff at the time and it was to be addressed at the January 30, 2017 appearance. It is disingenuous for plaintiff to simultaneously claim that the court should not consider the marihuana charge in portions of his defense against summary judgment, and then use proceedings in which the conviction was addressed as a means to support his argument that a later proceeding was needlessly delayed or held. Although plaintiff alleges that the injuries he sustained also may prove actual malice, the record is clear that the "lacerations" mentioned in the 50-h hearing and the EBT were a result of the altercation with one of the two women from the initial incident and are not the result of any actions by the City or its officers. Accordingly, this Court finds this argument unpersuasive.

Thus, the Court finds that plaintiff has failed to show a material issue of fact on the issue of actual malice.

Based on the discussion and findings stated above, this Court finds that plaintiff has failed to produce evidentiary proof to establish the existence of material issues of fact which require a trial, and, as such, defendant is entitled to summary judgment pursuant to CPLR 3212 in its favor and against plaintiff's First and Second Causes of Action for malicious prosecution.

In any event, even if the Court were to find that there was a question of fact on the issue of actual malice and probable cause, the District Attorney's Office is a separate entity than the City

**150807/2018 BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No. 002**

**Page 15 of 16**

15 of 16

[* 15]

of New York, so actions and statements of the District Attorney acting within the scope of its official duties cannot be imputed to defendant (*Leftenant v. City of New York*, 70 AD3d 596, 597 [1st Dept 2010]).

**CPL § 160.5 Unsealing Authorization**

As the Court has found that summary judgment in this case is proper, this prong of the motion addressing the CPL § 160.5 unsealing authorization is moot.

Accordingly, it is hereby

**ORDERED** that the claims against defendant John Does 1 and 2 are dismissed on consent; and it is further

**ORDERED** that defendant City of New York's motion pursuant to CPLR 3212, for summary judgment in its favor as to liability on the malicious prosecution claim is granted; and it is further

**ORDERED** that the action is dismissed, and the Clerk is directed to enter judgment in favor of defendant and against plaintiff.

This constitutes the decision and order of this Court.

20250626102759ACHESLEREA988D3727214879902979C31E657ADE

_____
**6/25/2025**
**DATE**

_____
**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150807/2018   BURNS, DAQUAN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 16 of 16**

[* 16]